## BRIDGES vs. BELL.

If a witness is equally interested on both sides of a cause, he is competent; but if there is a clear excess of interest in favor of the party calling him, even for costs, he is incompetent.

### APPEAL FROM LAWRENCE CIRCUIT COURT.

Todd for appellant.

1. The evidence of Deas ought to have been excluded: he was an incompetent witness. The title of the property was in dispute. The witness professed to have purchased it of defendant, and sold it to plaintiff. In law he was a warrantor of the title. 2nd Kent's Com. 478.

2. The contract was thus between Bridges and Deas. Deas was to crop with Bridges in 1846, Bridges furnishing him the use of two cows. Deas was, in the season, to make 1500 rails for a cow and calf obtained of Boucher by Bridges, and furnished Deas on the contract for cropping. This contract, the appellant contends, was a mutual executory contract for the sale of the cow, or was dependant and conditional, and that the law is, 1st. The two concurrent acts of making the rails and delivering the cow and calf; (unless an express agreement to the contrary) are mutual, and no action can be maintained without showing a performance. 2 Kent's Com. 464; 2 Tucker's Com. 353. There is no sale in such case without payment, unless expressly agreed to the contrary. 2 Tucker's Com. 357 and note. The party cannot take away the property without payment; ibid 357.

2. "The possession of Deas, in law, of the cow and calf, was under the contract, for use only, whilst cropping, and he could acquire no possession or title under the contract to make rails, until he made payment.

3. The contract was executory, and no title passed to Deas. He conveyed none to Bell, and no demand of a calf (if made) could require Bridges to deliver the calf until the rails were made.

4. Under this view of the law, the whole of plaintiff's instructions ought to have been refused, as misleading, and not legal instructions.

6. Those of the defendant's should have been given, particularly the 5th, 6th, 9th, 10th, 11th, and 12th, their substance being that, although Deas may have contracted for the sale of the calf to plaintiff, yet the title of Bridges could not be divested of the cow or calf, until Bridges got his 1500 rails for them.

The plaintiff moved and had excluded the testimony of John W. Lynn. This witness testified to the same facts, occurring in the same conversation related by plaintiff's previous witness, Boswall, and the appellant insists thereon the following points:

1. The testimony of both was legal to show facts whether a sale had or had not been made by Bridges to Deas, and Deas to Bell, and the character of possession as connected with a sale.

2. If it was not legal, yet when the statements of a party are offered in evidence by one party, whatever was stated in the same conversation, whether adverse to the interests of the party offering the evidence or not, is admissible. 7. Mo. Rep. 348. And although a plaintiff offers and gives illegal evidence, the defendant may give the same kind of evidence to rebut. Newlin & Foster, 4 Mo. Rep. 18, and explanation in 5 Mo. Rep. 42.

3. Upon this view, then, the court erred in refusing leave to defendant to enquire of the witness detailing this conversation of Deas and Bridges, "whether at that time and in their conversations, their contract about the cows, and the sale of one to Deas, was related over by the parties."

HAYDEN for appellee.

1. The court did not err in admitting the evidence of plaintiff which was objected to by defendant, nor in excluding the evidence which was offered by the defendant upon the trial of the cause.

2. The circuit court very properly gave the instructions to the jury, as to the law of the case, as moved by the plaintiff.

3. The court did not err in refusing said instructions which were rejected by the court, as asked for by defendant; because the instructions given by the court contained and advanced the whole law of defendant's case.

4. The court very properly overruled the motion for a new trial made by the defendant.

Judge BIRCH delivered the opinion of the court.

In the spring of the year, 1846, one Deas contracted with the appellant, Bridges, to split him 1500 rails during the approaching fall, for a cow and calf. The stock was accordingly delivered to Deas, who subsequently, in the month of July, sold the calf to Bell, the appellee. Bridges refused to deliver the calf to Bell, as the rails had not been made, whereupon Bell sued him before a justice and recovered a judgment. Bridges carried it to the circuit court, where Bell again obtained judgment, to reverse which the case is brought here. The record is long, but the foregoing are the substantial and governing facts, as *found by the jury* under the instructions of the court.

As to the objection that Deas was not a competent witness, the application in this case of the authority to which we have been referred in 2nd Kent, is unperceived. From the testimony in the record, it can scarcely be supposed that the circumstances were such, and that the witness had so acted as to incur any liability to the plaintiff for costs; and he not only swears that he has *no* interest in the event of the suit, but the same conclusion is apparent from the tenor of *all* the evidence, namely, that if the plaintiff gained the suit, the witness would remain bound to the defendant for the value of the calf, and vice versa, if the suit terminated in favor of the defendant. His interest, therefore, if not entirely balanced, was at least of that doubtful character which could not go to his competency, but to his credibility alone. We may as well add, that if the application of general principles left any doubt upon our minds in a case like the present, the spirit and meaning of a well known statutory enactment, of our own, would still further confirm us, that the testimony was properly received.

Without perceiving or admitting that in a case like the present, a demand of the property was necessary before the commencement of the

suit, it may be remarked that this witness also established that fact. Supposing, therefore, that the opinion already expressed in support of his competency, will readily suggest the concurrence of this court with the finding of the jury, we but superadd the instructions upon which the case was submitted to them, as comprehending our estimate of the entire law in similar cases.   For the plaintiff,

1. "If the jury believe from the evidence, that Bridges sold the calf to Deas on a credit, then Deas had a right to sell it to Bell, whether he ever paid Bridges for it or not, and Bell is entitled to recover its value, if he purchased it from Deas.

2. Even if the sale by Bridges to Deas was conditional, yet if Bridges let Deas have the apparent ownership of the calf, then Bell, by buying from Deas, obtained a good title, and is entitled to recover.

3. Whatever may have been the conversation between Bridges and Deas at the time of the arbitration, if Bridges before that time had sold the calf to Deas, and Deas had sold it to Bell, then Bell had a good title and is entitled to recover.

4. If the jury believe from the evidence, that Bell was the owner of the calf, at the time he brought his suit before the justice, and that he had a right to the possession of it at the time, they should find in favor of Bell, although he may not have had actual possession of the calf.

5. If they believe from the evidence, that Bridges sold the cow and calf to Deas for 1500 rails, to be paid in the fall, and let him have the possession of the same, and that Deas afterwards sold the calf to Bell, previous to the institution of this suit, they must find in favor of Bell, unless it has been proven that Deas was not to have the cow and calf, until the rails were made."

For the defendant.   1st. "Unless the jury believe from the evidence, that Bell had the actual possession, or the right to immediate possession of the calf in question, at the time of bringing suit, they must find for defendant, Bridges.

7. If the jury believe from the evidence, that the cow and calf were not, by the contract between Bridges and Deas, to be the property of Deas until the rails were made, the title did not pass to Bell by the sale of Deas, and Bell cannot recover, unless they believe from the evidence that Bridges, gave Deas the possession of the calf, prior to the sale to Bell.

13. If the jury believe from the evidence, that the possession of the calf by Deas, was sonsistent with the contract made by Deas with Bridges, then the apparent ownership of the calf, if the contract was

conditional by Deas, gave no title under the purchase of Deas from Bridges, and could confer no title on Bell, and defendant (Bridges) ought to recover."

There were other instructions asked by the defendant, and other points manufactured in the case, but it is deemed unecessary to further consider or remark them, than by alluding to the point of the 3rd. instruction, and contrastively commending that general professional strength and fairness, which, nobly disdaining the deruier attempt we sometimes regret to witness, perceives correctly that the path, alike to eminence and success, lies at last in the emulation to elucidate and *enforce* rather than confuse and mislead. One course looks apparently and considerately to the *end*, whilst the only effect of the other has been, and must ever be, ruinously to *protract* the most petty litigation. Judgment affirmed.