9   415.
96   497

## A. J. Twogood & Co. v. Coopers & Clarke.

1. PROMISSORY NOTE: INDORSEMENT IN BLANK. The indorsement of a promissory note in blank, after maturity, does not render the indorser liable as a guarantor.
2. SAME: ALLEGATIONS. In an action on a promissory note, an allegation in the petition that the defendants "had sold, assigned and transferred" the note in controversy to plaintiffs, whereby "they guaranteed to the owner and holder of said note the payment thereof," will not, if undenied and taken as true, bind the defendants as guarantors.
3. PETITION AND ANSWER. When a petition under oath demands an answer under oath, and the defendant files an answer not verified, in a trial upon issues thus made up, the petition will not be taken as true.

*Appeal from Linn District Court.*

SATURDAY, OCTOBER 22.

Ellison & East made their negotiable promissory note to defendants, who endorsed the same in blank, after it became. due. Plaintiffs, upon the trial, did not prove that the indorsers had, at any time, notice of non-payment, nor that there had been any demand of payment upon the makers. Judgment for plaintiffs, and defendants appeal.

*Preston & Thompson,* for the appellants, relied upon 9 John. 120; 1 Cow. 38; 2 Seld. 509; 3 Com. 494; Edward's Bills and Prom. Notes 258.

*Smyth, Young & Smith,* for the appellees, cited *Fear* v. *Dunlap,* 1 G. Greene 331; *Rhett* v. *Poe,* 2 How. 485; *Beebe* v. *Dudley,* 6 Foster 249, and cases there cited.

WRIGHT, C. J.—The petition charges that after the note sued on became due, the payees, for value received, "sold, assigned and transferred said note with their indorsement thereon written, by which said sale, assignment, transfer and indorsement, the said defendants guaranteed to the owner and holder of said note the payment thereof." An answer was called for under oath. An answer was filed, not sworn to, denying this, with other averments. The note was endorsed in blank, but was not filled up.

Plaintiffs claim that defendants are charged in the petition as guarantors; that they are called upon to deny this averment under oath; that they failed to thus respond; that the averment is therefore to be taken as true, and as a consequence; that being guarantors, presentment and notice of non-payment were not necessary to bind them.

Conceding the rule contended for by appellees and recognized in *Fear* v. *Dunlap,* 1 G. Greene 331, that the indorser of a promissory note, "incurs whatever liability he assumes," and that the holder may fill up the blank endorsement with the undertaking, and recover accordingly, and that if he assumes the responsibility of a guarantor he is relieved from liability only to the extent of the injury he may show for want of demand and notice; we say conceding this rule, there are at least two grounds why it has no application in this case.

The first is, that the charge that defendants guaranteed to the owner or holder the payment of the note, is the statement of a legal conclusion not justified by the preceding averment; that they had sold, assigned and transferred the same by their indorsement written thereon. And therefore,

though the petition should be taken as true, it is only to the extent of admitting facts, and not the correctness of the conclusion attempted to be drawn therefrom by the pleader as matter of law.   The blank indorsement of a note by a party to it, without more, does not make the indorser liable as the guarantor.

But a further and perhaps equally conclusive view is, that though defendants did not answer under oath, it by no means follows that the petition is to be taken as true.   If plaintiffs proceeded to trial without such an answer, the most that they could claim, was that the affidavit attached to their petition was to be taken as equal to the testimony of one witness. We do not undertake to say that the petition should be thus treated, but giving it this weight even, it is overcome by the undisputed facts that the note was simply indorsed in blank, and that nothing was ever done by the holders, by filling this up or otherwise, (granting that they had a right so to do,) tending to show that they treated the undertaking as anything else than that resulting from an ordinary blank indorsement.   So that in no view can the defendants be treated under the pleadings and proof, as guarrantors, and as such, liable without presentment or notice of non-payment.

Appellees do not insist that the defendants are liable as *indorsers* of the note after maturity, without such presentment and notice.   That question, therefore, we need not examine.

Judgment reversed.