PARMERLEE *et al.*, *Appellants*, v. WILLIAMS.

1. **Guarantor cannot be Sued Jointly with Principal Debtor.** The undertaking of a guarantor is his own separate and independent contract, distinct from that of the principal debtor. They cannot, therefore, be jointly sued.

2. **Justice's Court:** APPEAL: WAIVER. If the appellant, in a case begun before a justice of the peace, fails to give notice of appeal before the second term of the circuit court held after the appeal is taken, it is the duty of that court, on motion, to affirm the judgment; but, if the court refuses to affirm, and afterward the appellee engages in the trial, he thereby waives the error.

*Appeal from Pettis Circuit Court.*—HON. WILLIAM. T. WOOD, Judge.

AFFIRMED.

*Bridges & Sloane* for appellants.

HOUGH, J.—This suit was originally brought before a justice of the peace on account for goods sold and delivered. The plaintiffs recovered judgment, 1. GUARANTOR CANNOT BE SUED JOINTLY WITH PRINCIPAL DEBTOR and the defendant appealed to the circuit court. Having failed to give notice of their appeal before the second term of the circuit court held after the appeal was taken, the plaintiffs filed a motion to affirm the judgment of the justice, which motion was overruled. At a subsequent term the cause was tried and plaintiffs recovered judgment against Wm. A. Williams alone, the court holding that J. H. Williams was not jointly liable with Wm. A. Williams. From this judgment the plaintiffs have appealed.

It appears from the record that the goods mentioned in the account sued on, were furnished to the defendant Wm. A. Williams on the following guaranty of the defendant J. H. Williams :

HOUSTONIA, Mo., December 4th, 1874.

PARMERLEE BROS.: Let my son, W. A. Williams, have

any goods he may want, and I will see the same paid.

Respectfully yours,

J. H. WILLIAMS.

The undertaking of a guarantor is his own separate and independent contract; it is not a joint engagement with his principal, and he cannot be sued with him. His undertaking being several and separate, he must be separately sued thereon. *Graham v. Ringo*, 67 Mo. 324; *Central Savings Bank v. Shine*, 48 Mo. 463. The circuit court rightly decided that there could be no recovery against J. H. Williams in the present action.

We think the court erred in overruling plaintiffs' motion to affirm the judgment of the justice on account of 2. JUSTICE'S COURT: the failure of the defendants to give notice appeal; waiver. of their appeal; but the plaintiffs waived their exceptions to this ruling of the court by subsequently appearing to the action and engaging in the trial. The judgment of the circuit court will be affirmed. The other judges concur.