JOHN L. BURNHAM, Respondent, v. WILLIAM A. GOSNELL, Appellant.

Kansas City Court of Appeals, January 18, 1892.

1. **Bills and Notes:** MAKER: GUARANTOR. A person not a party, to a note by signing on the back thereof, becomes a grantor, and not a maker.

2. ———: ALTERATION: GUARANTY. A contract of guaranty is not an alteration of a note, but a separate and distinct contract from the note.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Fyke & Hamilton*, for appellant.

The evidence shows that the note was not indorsed by Reese to Collins, and by Collins to plaintiff, as alleged-in the petition, but that after the execution and delivery of the note by defendant the name of Collins was placed thereon as security or maker. One who places his name on the back of a note of which he is neither payee nor indorsee is *prima facie* maker. *Seymour v. Farrell*, 51 Mo. 95; *Semple v. Turner*, 65 Mo. 696; *Boyer v. Boogher*, 11 Mo. App. 130; *Bank v. Dunklin*, 29 Mo. App. 442. The addition of another name to the note as maker after the delivery of the note, without defendant's consent, changed the contract and released defendant. *Lunt v. Silver*, 5 Mo. App. 186.

*L. T. Collier*, for respondent.

(1) As a legal proposition it is not denied that where a party writes his name across the back of a

promissory note, before its delivery to the payee therein, he will be considered and held *prima facie* an original maker. *Semple v. Turner*, 65 Mo. 696; *Boyer v. Boogher*, 11 Mo. App. 130; *Bank v. Dunklin*, 29 Mo. App. 442; *Lunt v. Silver*, 5 Mo. App. 186; *Lewis Bros. v. Harvey*, 18 Mo. 74; *Stagg v. Linnenfelser*, 59 Mo. 336; *Cahn v. Dutton*, 60 Mo. 297. (2) The rule is equally well settled by the decisions of the supreme court of Missouri, as well as by the current of American decisions elsewhere, that the addition of a name on the back of a note after its first delivery is not such an alteration as discharges the maker. *Brownell v. Winnie*, 29 N. Y. 400; *Wallace v. Jewell*, 21 Ohio St- 172; *Miller v. Finley*, 26 Mich. 249; *Stagg v. Linnen. felser*, *supra;* *Williams v. Jensen*, 75 Mo. 681; *Moore v. Bank*, 22 Mo. App. 684; *Mersman v. Werges*, 112 U. S. 139-143; *Railroad v. Hunt*, 9 Ala. 513; *Stone v. White*, 8 Gray, 589; *McCaughey v. Smith*, 27 N. Y. 39; 3 Randolph on Com. Paper, 859.

ELLISON, J.—This action is based on a promissory note. The evidence tended to show that plaintiff bought it before maturity from the payee who indorsed it. In addition to the payee's indorsement was the following indorsement: "C. T. Collins, Security," made without the defendant's knowledge or consent after the delivery of the note. The evidence tended to show that Collins owned a part of the note, and that Reese, the payee, asked him to indorse it so that he would share with him the responsibility of indorsement.

It is contended that Collins not being a party to the note by signing on the back made himself a maker thereof, and consequently, having signed without the maker's consent, it was an alteration of the note which destroyed it. But, as Collins signed *after* the complete execution of the note, he thereby became, if anything, merely a guarantor. *Stagg v. Linnenfelser*, 59 Mo. 336.

Considering Collins then as becoming a guarantor on the back of the note without the payor's consent, does it constitute an alteration of the note? In this state the rule as to unauthorized alterations is most rigid and strict. An alteration is fatal to the validity of the note, whether it be slight or great, material or immaterial. *Haskell v. Champion*, 30 Mo. 136; *Evans v. Forman*, 60 Mo. 449; *Moore v. Hutchinson*, 69 Mo. 429; *First Nat. Bank v. Fricke*, 75 Mo. 178. But a contract of guaranty is not an alteration of the note. The contract represented or evidenced by the note is one thing, and the contract of guaranty is quite another and different thing. The two contracts are separate and distinct. If a contract of guaranty had been written on a separate paper it propably would not occur to anyone as constituting an *alteration* of the contract guaranteed. In support of this principle see opinion of HALL, J., in *Moore v. Bank*, 22 Mo. App. 684.

There is no evidence tending to show that Burnham knew of incumbrances on the lot. Reese's statement that he told him about the circumstances in the trade amounts to nothing in that direction.

The court's rulings on the evidence was correct. The judgment should be affirmed. All concur.