E. H. ADAMS, Appellant, v. JOHN T. HUGGINS *et al.*, Respondents.

Kansas City Court of Appeals, January 10, 1898.

1. **Bills and Notes:** SIGNING ON THE BACK AFTER DELIVERY: GUARANTORS. Persons who put their name on the back of a note after its delivery become and should be held as guarantors.

2. ———: ———: ———: CONSIDERATION. Where one signs a note after delivery in order to enable the holder to sell the same, he becomes a guarantor on a valid consideration to the purchaser who takes it relying on his signature.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*Timmonds & Timmonds* for appellant.

(1) Under the facts alleged in the petition, the defendants Rundell, Moore and Cole, as between them-

selves and plaintiff, are bound and liable as co-makers of the note sued on. *Butler v. Gambs*, 1 Mo. App. 466; *Bank v. Payne*, 111 Mo. 300; *Sylvester v. Downer*, 49 Am. Dec. 786. (2) If the defendants are to be treated as guarantors, they would still be liable to plaintiff. They placed their names on the back of the note to give it credit, and in consideration that plaintiff would purchase it from Huggins, which he did, paying the cash therefor. And this is sufficient consideration to support a contract of guaranty. *Howard v. Jones*, 13 Mo. App. 595; 2 Parsons on Contracts [5 Ed], sec. 2, p. 7.

*Cole & Burnett* and *Tucker & Moore* for respondents.

(1) The amended petition sets forth a contract of guaranty. According to its allegations respondents, not being parties to the note, placed their names on the back thereof after its execution and delivery, and even after it had been negotiated. Under the great weight of authority this certainly made them guarantors. *Burnham v. Gosnell*, 47 Mo. App. 637, 638; *Stagg v. Linnenfelser*, 59 Mo. 336–342; *Tenny v. Prince*, 4 Pick. 385; *Bank v. Haynes*, 8 Pick. 423–427; *Good v. Martin*, 95 U. S. 90; 1 Daniel, Neg. Inst. [3 Ed], sec. 715, p. 648; Tiedeman on Com. Papers, secs. 270, 271; *Howard v. Jones*, 13 Mo. App. 595; 2 Randolph, secs. 864, 829, 838, pp. 537, 493 and 502, respectively; Tiedeman on Com. Paper, sec. 271, p. 458. (2) And it is necessary to allege and prove a valuable consideration to sustain a guaranty. *Williams v. Williams*, 67 Mo. 665; Tiedeman on Com. Paper, secs. 417 and 270; 2 Daniel, Neg. Inst., secs. 1759, 1760; *Stagg v. Linnenfelser*, 59 Mo. 343; *Pfeiffer v. Kingsland*, 25 Mo. 66; *Bickford v. Gibbs*, 8 Cush. 154; *McMahan*

v. *Geiger*, 73 Mo. 145; *Messenger v. Vaughan*, 45 Mo. App. 15; *McFarland v. Heim,* 125 Mo. 327; *Green v. Shephard*, 5 Allen, 589.

ELLISON, J.—The court below sustained a demurrer to plaintiff's amended petition on the ground that it did not state a cause of action. Plaintiff refused to amend and final judgment being taken against him, he appeals to this court.

The petition alleges that one Abrams executed his negotiable promissory note (the note in suit) to one Garrett for $200, due in one year from date. That before the maturity of the note, Garrett PETITION. indorsed it for value to defendant Huggins. Afterward, and before the note became due, Huggins, being desirous of procuring money, proposed and offered to sell said note to plaintiff, "whereupon the plaintiff informed the defendant Huggins that he was not satisfied with the security then on said note and was not willing to purchase the same without some further or additional security; and he then proposed to said Huggins that if he, Huggins, would procure the names of some responsible persons on said note, so as to make the same good and satisfactory to plaintiff, he, plaintiff, would then purchase from said Huggins said note and pay him cash therefor. Thereupon, for the purpose of making said note good and satisfactory to plaintiff, said defendant Huggins took said note to defendants Rundell, Cole and Moore and informed them of his desire to sell said note to plaintiff and of plaintiff's willingness to purchase the same, if he, Huggins, would procure the names of some responsible persons on said note so as to make the same good and satisfactory to plaintiff. Thereupon, on the date last aforesaid, said defendants Rundell, Cole and Moore, at the request and for the accommodation

of defendant Huggins, and in consideration that plaintiff would purchase said note and pay him, said Huggins, the cash therefor, did sign their names on the back of said note, thereby intending to become, and becoming, liable for the payment thereof. Thereupon, on the day last aforesaid, defendant Huggins presented said note to plaintiff with the names of said other defendants written thereon as above stated, for the purpose and consideration as above stated, and plaintiff did then and there purchase said note of defendant Huggins and pay him the cash therefor, to wit, —— dollars; and said Huggins, in consideration of said money, did assign, transfer and deliver said note to plaintiff, who ever since has been and is now the owner and holder thereof.

"On the 25th day of October, 1895, said note was duly presented to said Abrams, the maker thereof, and payment thereof demanded and payment refused; of all of which demand of payment and refusal thereof each and every of said defendants was given due notice on the day last aforesaid, and said note was on that day duly protested by a notary public for nonpayment.

"Said Abrams, the maker of said note, and said Garrett, who indorsed said note to defendant Huggins, are now, and at the institution of this suit were, and ever since have been, wholly insolvent," etc.

In our opinion the petition states a cause of action charging defendants Rundell, Cole and Moore as guarantors. If they had placed their names on BILLS and notes: signing on the the back of the note before it was originally back after delivery: guarantors. delivered or put in circulation, they, not being parties to the note, would have been regarded as makers and not indorsers. But by putting their names on the back of the note after its delivery, they would become and should be held as guarantors.

*Stagg v. Linnenfelser*, 59 Mo. 336; *Burnham v. Gosnell*, 47 Mo. App. 637.

2.    But counsel for defendants contend that there must be a consideration alleged to support the charge of guarantyship against defendants Rundell, Cole and Moore.    This is undoubtedly true; and such consideration is plainly alleged in the petition. It is charged that plaintiff refused to purchase the note without further security for its payment.    That thereupon defendant Huggins procured the signatures of said defendants, and they being satisfactory to plaintiff, he purchased the note on the faith of and by reason of their placing their names on the back thereof.    We know of no higher legal consideration than that.

Defendants, wishing to at once get at the merits of the point in dispute, have waived any question as to joining defendant Huggins with the other defendants here charged as guarantors.

The judgment is reversed and the cause remanded. All concur.