E. H. ADAMS, Respondent, v. J. T. HUGGINS et al.,
Appellants.

Kansas City Court of Appeals, January 16, 1899.

1. Bills and Notes: SUBSEQUENT SIGNER: CONSIDERATION. A consid-
eration passing at the original making of a note is exhausted there
and is no longer capable of sustaining a new undertaking by a sub-
sequent maker or signer.

2. ———: GUARANTY: CONSIDERATION. It is not necessary that any
consideration pass directly from a party receiving a guaranty to
the party giving it. Any benefit or injury received by either party
in consequence of the guaranty and its inducement is a sufficient
consideration; and where the indorsee of a promissory note pro-
cures strangers to sign it in order that he may rediscount it, and his
indorsee takes it on the faith of such additional names, the consid-
eration is sufficient to bind such strangers as guarantors, though at
the time of signing they did not know of the purpose to rediscount
the note to the plaintiff. Messenger v. Vaughn, 45 Mo. App. 15,
receded from.

*Appeal from the Barton Circuit Court.*—HON. D. P.
STRATTON, Judge.

AFFIRMED.

COLE & BURNETT and TUCKER & MOORE for appellants.

(1) Appellants Rundell, Cole and Moore, placed their
names on the back of the note several days after its execu-
tion and delivery, and after the original consideration had
passed between Garrett and Abrams. That that considera-
tion was not sufficient to bind them is shown by an abundance
of authority, of which the following recent case decided by
this court may serve as an example. Lowenstein v. Sorge,
75 Mo. App. 281. (2) That they were guarantors, as

decided by this court on first appeal, will not be disputed. Stagg v. Linnenfelser, 59 Mo. 336; Burnham v. Gosnell, 47 Mo. App. 637; Adams v. Huggins, 73 Mo. App. 140. (3) That there must be a consideration to support a contract of guaranty is also well established law, and was decided on former appeal. Williams v. Williams, 67 Mo. 665; Briggs v. Latham, 36 Kan. 205-209; Tiedeman on Com. Paper, secs. 417, 270; 2 Daniel, secs. 1759 and 1760; Stagg v. Linnenfelser, *supra*; Pfeiffer v. Kingsland, 25 Mo. 66; McMahan v. Geiger, 73 Mo. 145; Macfarland v. Heim, 127 Mo. 327; Messenger v. Vaughan, 45 Mo. App. 15; Bickford v. Gibbs, 8 Cush. 154; Green v. Shephard, 5 Allen, 589. (4) Now, it may be contended that the consideration from respondent to Huggins was sufficient to support appellants' undertaking. But knowledge of respondent's agreement to pay that consideration if appellants would sign, or if Huggins' agreement to get them to sign if respondent would buy, is certainly of vast importance. Messenger v. Vaughan, 45 Mo. App. 19; Macfarland v. Heim, 127 Mo. 332, 333; Hawkes v. Phillips, 7 Gray, 284, 286; Mitchell v. Railton, 45 Mo. App. 282; Burrus v. Davis, 67 Mo. App. 210.

TIMMONDS & TIMMONDS for respondent.

(1) In the second paragraph of the opinion written by Judge Ellison, 73 Mo. App. 144, this court pointed out specifically the allegations in plaintiff's petition constituting the consideration sufficient to hold the defendants Rundell, Cole and Moore as guarantors. (2) It is not necessary that any consideration pass directly from the party receiving the guaranty to the party giving it. If the party for whom the guaranty is given receive a benefit, or the party to whom it is given receive an injury, in consequence of the guaranty and as its inducement, this is sufficient consideration. (3) Where a guarantor indorses his name on the back

of a negotiable note, and such indorsement is part of the consideration upon which the note was negotiated, no other consideration is necessary to hold the guarantor. Howard v. Jones, 13 Mo. App. 595.

GILL, J.—This is a suit on a note, and the real controversy on this appeal is, whether or not defendants, Rundell, Cole and Moore, whose names appear on the back of the instrument, should be held as guarantors thereof. The case was here a year ago, and the point then decided was that the petition stated a cause of action against said defendants. 73 Mo. App. 140. The cause was then remanded to the lower court, where, on a trial of the merits, the court gave a peremptory instruction in plaintiff's favor, and from a judgment in accordance therewith these defendants have appealed.

The facts are undisputed. The note was originally executed (October, 1894, due one year) by one Abrams to Garrett, who shortly thereafter transferred it to Huggins. Thereupon Huggins offered to sell the note to plaintiff Adams, who at first declined to purchase the same because not satisfactorily secured. It was then agreed however between Huggins, the holder, and Adams, that if the former would procure the additional signatures of defendants Rundell, Cole and Moore, the plaintiff would purchase the note at a small discount. Huggins at once went to said parties, and they, by his request, wrote their respective names on the back of the instrument. Huggins thereupon returned to Adams with the note so indorsed and said plaintiff on the faith thereof paid the purchase price. The original maker and Huggins proving insolvent and failing to pay the note, this suit was brought.

The question now is, should defendants Rundell, Cole and Moore, on the facts above stated, be held responsible

Adams v. Huggins.

for the payment of the note in suit. They can not be held as original promisors, because their signatures were not indorsed contemporaneous with the execution of the principal contract, but subsequent thereto and after delivery and passing of the first consideration. If held at all, it must be on the theory that they became guarantors by placing their respective names on the back of the paper. This was fully explained in our former opinion. And as there conceded also, such obligation as guarantors can not be successfully maintained unless there existed at the time some new and independent consideration; the consideration present at the original making of the contract had become exhausted and no longer capable of sustaining a new undertaking.

BILLS and notes: subsequent signer: consideration.

Defendants contend that as they each indorsed the note in entire ignorance of the understanding between Adams and Huggins (and this the proof shows) it must be held that as to them there was no consideration, and they are therefore not liable. In support of this contention defendants seem to rely on the language of this court in Messenger v. Vaughan, 45 Mo. App. 15. On more mature reflection we feel bound to recede from the doctrine suggested in that case. We think now that if a consideration passes between the holder of the note and the party about to purchase the same, this will be sufficient to sustain the collateral promise of the guarantor, whether the latter be informed or not of the conditions under which the purchaser is about to take the note. In Parsons on Contracts (vol. 2, p. 7) the correct rule is thus announced: "It is not necessary that any consideration pass directly from the party receiving the guaranty to the party giving it. If the party for whom the guaranty is given receive a benefit, or the party to whom it is given receive an injury, in consequence of the guaranty and as its inducement, this is a sufficient consideration." So

——: guaranty: consideration.

then in the case at hand, it is immaterial whether or not there was any consideration passing between these defending guarantors and the party purchasing the note on the faith thereof; it is sufficient if a consideration passed between said purchaser and Huggins the vendor. The consideration attending said sale will be held sufficient to support both sale and guaranty. When the guaranty was executed under these circumstances it became a portion of plaintiff's purchase—it formed a part of that for which he paid his money. The indorsement by these defendants and sale by Huggins to plaintiff composed one transaction, and all supported by the one consideration. As written by Ellison, J., when the case was here before: "Plaintiff refused to purchase the note without further security for its payment. Thereupon Huggins (the holder) procured the signatures of said defendants; and they being satisfactory to plaintiff, he purchased the note on the faith of and by reason of their placing their names on the back thereof. We know of no higher legal consideration than that."

On the undisputed facts the defendants became guarantors for the payment of the note in suit. Their undertaking was, too, supported by a good and valid consideration at the time, and hence they have no defense. This is the whole case, and it becomes unnecessary to discuss other questions suggested in briefs of counsel.

The judgment must be affirmed. All concur.