VIRGINIA T. CORBYN, Appellant, v. C. H. BROK-
MEYER, Respondent.

Kansas City Court of Appeals, June 4, 1900.

1. **Bills and Notes:** GUARANTOR: ENDORSER: SURETY. One
writing his name on a note after execution and delivery becomes a
guarantor and is neither an endorser or surety and his contract is
separate and distinct.

2. ———: LIMITATIONS: PAYMENTS. A payment to take a note
out of the statute of limitations must be made by the defendant or
a party who is jointly bound by the same contract, and it will not
suffice that the contracts grow out of the same instruments.

3. ———: GUARANTOR: PROMISE TO PAY: CONSIDERATION.
Forbearing to sue is one of the commonest examples of valuable and
sufficient considerations, but it will not avail if the right of action
no longer exists.

Appeal from the Cooper Circuit Court.—*Hon. T. B.
Robinson*, Judge.

AFFIRMED.

*C. D. Corum, John Cosgrove* and *James W. Cosgrove*
for appellant.

(1) The writing on the back of the note is the joint and
several contract of the defendant and Schnedler. Norris v.
Spencer, 18 Me. 324; 7 Am. and Eng. Ency. of Law [2 Ed.],
p. 101; Edwds. on Bills and Pr. Notes [2 Ed.], top p. 644
and note 2. (2) Although at common law it would be a
joint contract or undertaking, it is to be construed under
the statute of this state as joint and several. R. S. 1889,
sec. 2384; Maddox v. Duncan, 143 Mo. 619, loc. cit.; Paper
Co. v. Rosbyshell, 14 Mo. App. 540, 541; 1 Danl.
on Nego. Inst., sec. 669; 2 Randolph on Com. Paper,

sec. 838. (3) The writing which Schnedler and the defendant signed bound both as joint and several makers thereof. The payment of interest from year to year by Schnedler prevented the statute running as to the defendant. Harris v. Odeal, 39 Mo. App. 270; County v. Stewart, 64 Mo. 408; Craig v. Callaway Court, 12 Mo. 94; McClurg v. Howard, 45 Mo. 365; 1 Rand. on Com. Paper, sec. 149; R. S. 1889, sec. 6795; Bennett v. Mc-Canse, 65 Mo. 194; Lawrence Co. v. Dunkle, 35 Mo. 395; Schindel v. Gates, 46 Mo. App. 604; s. c., 24 Am. Rep. 526; Whitaker v. Rice, 9 Minn. 13. (4) The defendant promised to pay plaintiff, if she would not then sue him. The promise to pay, was not a revival of a debt barred by the statute, but was a promise to pay based upon valuable and sufficient consideration. Hill v. Railroad, 3 App. Rep. 53; Salisbury v. Renick, 44 Mo. 554; Baking Co. v. Blell, 57 Mo. App. 410. (5) The same person may be both an indorser and guarantor, and may be discharged as indorser but left still bound as guarantor. 2 Daniel on Nego. Inst., sec. 1754.

*W. M. Williams* for respondent.

(1) Defendant, who was not a party to the note, wrote his name upon the back thereof ten months after its execution and delivery to the payee. The well-settled rule in this state is, that he thereby became a guarantor; which was a separate and distinct contract from that of the other parties to the note. Goode v. Jones, 9 Mo. 876; Stagg v. Linnenfelser, 59 Mo. 336; Burnham v. Gosnell, 47 Mo. App. 637; Adams v. Huggins, 73 Mo. App. 140; Parmerlee v. Williams, 71 Mo. 410; Schnedler's contract was simply that of an indorser. Fuller v. McDonald, 23 Am. Dec. 499; Twogood v. Cooper, 9 Iowa 415. "A guarantor is neither

an indorser nor a surety." Graham v. Ringo, 67 Mo. 326; Burnham v. Gosnell, 47 Mo. App. 637; 14 Am. and Eng. Ency. of Law, p. 1130, n. 2; also p. 1129, par. 2; Killian v. Ashley, 24 Ark. 511; s. c., 91 Am. Dec. 519; 14 Am. Ency. of Plead. and Prac., 460; Givens v. Bank, 84 Ill. 42. (2) Payments upon a note by the maker will not stop the running of the statute of limitations as to the guarantor. Where reliance is placed upon partial payments to take a case out of the statute of limitations, it must be shown that such payments were made by the defendant, or by a party who is jointly bound with him upon the same contract. Maddox v. Duncan, 143 Mo. 613; 14 Am. and Eng. Ency. of Law, p. 1161.

SMITH, P. J.—On January 10, 1883, one Charles Wassman executed his negotiable promissory note to August Schnedler for five hundred dollars, due two years after the date thereof, bearing eight per cent interest to be compounded. It stands admitted by the defendant's answer that Schnedler, the payee, offered to sell said note to plaintiff and that the defendant on November 19, 1883, at the request and for the accommodation of said payee, and in consideration of the purchase thereof by plaintiff, did indorse his name upon the back of said note; and that thereafter the said payee transferred and delivered said note to plaintiff for value received of her, and that she was the owner thereof.

There was evidence adduced tending to prove the allegation in the second count in the petition to the effect that in March, 1899, plaintiff presented said note to defendant and demanded payment thereof; and that he then and there promised and agreed to pay the same and the interest thereon, if the plaintiff would not then sue him thereon. It further appears that this suit was not brought until August 12, 1899, which was several months after such promise of

payment was made by defendant, and not until after the defendant had repudiated such new promise.

It does not appear that any payment whatever was made upon said note by the maker thereof. It was shown, however, that the interest for several years was paid to plaintiff's agent by the payee and indorser, and this is relied upon by plaintiff to take the case out of the statute of limitations. There was no evidence whatever that defendant ever made any payment upon the note, or authorized any to be made, or that he knew that this obligation was outstanding until a short time before this action was begun. The answer pleaded in bar of the action, the ten years' statute of limitation.

The case was tried by the court without a jury, and at the conclusion of the testimony, a declaration of law, asked by defendant, that under the evidence plaintiff could not recover, was given, and a further declaration, that payments made upon the note by the indorser, Schnedler, would not stop the running of the statute of limitations as to the defendant, Brokmeyer. Judgment was entered for defendant, and plaintiff has brought the case here.

The defendant, it seems, wrote his name on the back of the note after its execution and delivery to the payee therein, and he thereby became a guarantor. This was not a joint obligation but a separate, distinct and independent engagement of the defendant's own. Goode v. Jones, 9 Mo. 876; Stagg v. Linnenfelser, 59 Mo. 336; Parmerlee v. Williams, 71 Mo. 410; Burnham v. Gosnell, 47 Mo. App. 637; Adams v. Huggins, 73 Mo. App. 140 and 78 Mo. App. 219. The payee's obligation was but that of an indorser. Twogood v. Cooper, 9 Iowa 415. A guarantor is neither an indorser nor surety. The payee's obligation was therefore separate and distinct from that of the defendant guarantor. Graham v. Ringo, 67 Mo. 324; Bank v. Shine, 48 Mo. 464; Killian v.

Ashley, 24 Ark. 511; Gains v. Bank, 84 Ill. 42; 14 Am. and Eng. Ency. of Law [2 Ed.], 1130, note 2; also 1129, par. 2; Parsons on Bills and Notes, 117.

Payment upon a note by the maker or indorser will not stop the running of the statute of limitations as to a guarantor. And so when reliance is placed upon a partial payment to take a case out of the statute of limitations it must appear that such payment was made by the defendant, or by a party who is jointly bound with him upon the same contract. It is not sufficient that the contracts may be connected with or grow out of the same negotiable instrument, but there must be a joint liability upon the identical contract. R. S. 1889, sec. 6794; Maddox v. Duncan, 143 Mo. 613, and cases there cited. It results from these considerations that the payment of interest by the payee and indorser did not have the effect to arrest the operation of the statute as to the defendant guarantor.

But it is not controverted that after an action on the guaranty was barred by the ten years' statute of limitations the defendant promised the plaintiff that if she would not then sue that he would pay the note. "Forbearance to sue is one of the commonest examples of valuable consideration to be found in the common-law reports." "From time immemorial, an agreement to forbear to sue has been held to be a valuable and sufficient consideration." Bridges v. Stephens, 132 Mo. loc. cit. 543; Glasscock v. Glasscock, 66 Mo. 627; Salisbury v. Renick, 44 Mo. 554; Hill v. Railway, 82 Mo. App. 188. But a forbearance to sue can not constitute a valuable consideration for the promise, if the right of action —the right to maintain the suit, no longer exists. By the delay by the forbearance the promisee in such case surrenders no existing right and suffers no detriment of any kind in consequence thereof.

It follows that in no view of the case which we are

able to take can we discover that the plaintiff was entitled to go to the the jury on the evidence, and therefore the action of the lower court must be upheld.        Judgment affirmed. *Ellison, J.,* concurs; *Gill, J.,* absent.