THOMPSON & THOMPSON, Respondents, v. LIDA E. BROWN, Executrix, etc., Appellant.

Kansas City Court of Appeals, November 5, 1906.

1. BILLS AND NOTES: Maker: Guarantor: Intention: Evidence. A stranger placing his name on the back of a note is by presumption a maker but if he signs after the note is executed he is a guarantor and whether he intended to be maker or guarantor can be shown by parol evidence.

2. ——: ——: ——: Payment: Limitation. The payment on a note by a guarantor will not toll the Statute of Limitations against the maker.

3. ——: ——: ——: Witness: Statute. The statute relating to one party testifying when the other is dead, limits its prohibition to the living party testifying in his own favor or the favor of his assignee, nor does the statute disqualify the living party as a witness concerning things about which he has no interest even though the other party is dead.

4. ——: ——: ——: ——: ——. The guarantor of a promissory note is not disqualified by the statute to testify in relation to payments made by him though the payee thereof be dead.

5. ———: ———: ———: ———: ———: **Limitation.** Held, *arguendo*: that the guarantor in the case under judgment was competent to testify,

(1) Because it was more than five years since the last payment as guarantor was made.

(2) Because, since the note is barred by the statute of limitations as against the maker the guarantor could not by paying it hold the maker for such payment.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

REVERSED AND REMANDED.

*W. B. Norris, Joseph Morton* and *Culver & Phillip* for appellant.

(1) If Tyler signed his name on the back of the note after its execution, he was not a co-maker, but a guarantor. Corbyn v. Brokmeyer, 84 Mo. App. 649; Adams v. Huggins, 73 Mo. App. 143; Burnham v. Gosnell, 47 Mo. App. 637; Hagg v. Linnenfelser, 59 Mo. 336. (2) The undertaking of a guarantor is his own separate and independent contract, distinct from that of the principal debtor. Parmalee v. Williams, 71 Mo. 410; Reagan v. Williams, 88 Mo. App. 584; Maddox v. Duncan, 143 Mo. 621; Corbyn v. Brokmeyer, 84 Mo. App. 649. (3) It is only where two or more persons are jointly liable upon the identical contract that a payment by one will arrest the statute of limitations as to the other. Corbyn v. Brokmeyer, 84 Mo. App. 649; Maddox v. Duncan, 143 Mo. 613; Reagan v. Williams, 88 Mo. App. 583; Reagan v. Williams, 185 Mo. 620. (4) We concede the law to be that the presumption is, in the absence of evidence to the contrary, that Tyler signed the note at the time it was executed, and prima facie, is a maker. Powell v. Thomas, 7 Mo. 440; Herrick v. Edwards, 106 Mo. App. 638. But this is only a presumption, and may be rebutted by evidence except as

against an innocent purchaser. Herrick v. Edwards, 106 Mo. App. 638. (5) The defendant offered to prove by Tyler that he signed his name on the back of the note after its execution, as guarantor. The court excluded this evidence on the ground that as Yowler was dead, Tyler was incompetent to testify. In this the court committed error. R. S. 1899, sec. 4652; Meier v. Thieman, 90 Mo. 433; Bank v. Hunt, 25 Mo. App. 170; Cleveland v. Coulson, 99 Mo. App. 471. If he was not a party to the record, though interested, he was a competent witness and his testimony was admissible if it was not in his own favor. 30 Am. and Eng. Ency. Law (2 Ed.), p. 920; Bridges v. Bell, 13 Mo. 69; Angell v. Hester, 64 Mo. 144; R. S. 1899, sec. 4273; Huse v. Ames, 104 Mo. 97; Halliburton v. Carter, 55 Mo. 435; Bauer v. Gray, 18 Mo. App. 164; Harper v. Eubank, 32 Mo. App. 263; Singleton v. Townsend, 45 Mo. 380.

*Thompson & Thompson* for respondent.

(1) A witness is, by the statutes (R. S. 1899, sec. 4652) disqualified from testifying in his own favor in any case where the original party to the contract or cause of action in issue and on trial is dead, whether the witness be a party to the record or not, if his testimony would be equally as beneficial to him as if he were a party to the record. Meier v. Thieman, 90 Mo. 433; Cleveland v. Coulson, 99 Mo. App. 468; Reed v. Morgan, 100 Mo. App. 713; Johnson v. Burke, 103 Mo. App. 221. (2) The disability, as a witness, of one of the original parties to a contract or cause of action in issue and on trial, where the other party is dead, is co-extensive with every action where such instrument of cause of action may be called in question. Chapman v. Daugherty, 87 Mo. 617; Baker v. Reed, 162 Mo. 341; Johnson v. Burke, 103 Mo. App. 231; Fulkerson v. Thornton, 68 Mo. 468; Scott v. Burfiend, 116 Mo. App. 71; Patton v. Fox, 169 Mo. 107; Hack v. Rollins, 158 Mo. 190; Curd v.

Brown, 148 Mo. 95; Ring v. Jamison, 66 Mo. 429; Granger v. Bassett, 98 Mass. 462; Ashbrook v. Letcher, 41 Mo. App. 374; Angell v. Hester, 64 Mo. 144; Kerney v. O'Day, 173 Mo. 571; Kingman v. Mach. & Buggy Co., 150 Mo. 302; Kerndon v. Lewis, 175 Mo. 125; Graham v. Ringe, 67 Mo. 324; Corbyn v. Brockmeyer, 84 Mo. App. 652; Maddox v. Duncan, 143 Mo. 613; Hill v. Combs, 92 Mo. App. 252; Williams v. Williams, 67 Mo. 661; Brandt on Suretyship and Guaranty, sec. 74; R. S. 1899, sec. 4652. (3) Before Tyler can become a competent witness in this case it must be presumed that he is a guarantor, there being no evidence in this case to rebut the presumption that he is a co-maker, and it is not contended by the defendant that there is any law giving rise to such a presumption. Dan't on Negotiable Instruments, sec. 1753. (4) Tyler's evidence being excluded, there is nothing in the agreed statement of facts going to show when Tyler placed his name on the back of the note in question, therefore the presumption that he is a co-maker of said note remains, and must control.

ELLISON, J.—On December 28, 1889, George M. Brown executed a non-negotiable note for $600 to George W. Yowler. On the back of the note the name, J. F. Tyler, is indorsed. Both Brown, the payor, and Yowler, the payee, died and afterwards plaintiffs became the owner of the note after its maturity. Plaintiffs presented it for allowance to the probate court where it was allowed. On appeal to the circuit court the plaintiffs again prevailed. The defense is the statute of limitations. The plaintiffs seek to avoid the statute by payments made by said Tyler and indorsed on the note. A question arose whether these payments were made by Tyler in such capacity as to keep the note alive as against Brown, the maker. It was agreed by the parties that Tyler would testify that he indorsed his name

on the back of the note after it was executed by Brown to Yowler, and as a guarantor, and Brown's estate, through counsel, now insists, that putting his name upon the note in that way made him a guarantor and not an indorser or maker; and that a payment by a guarantor did not toll the statute as to the maker. But the plaintiffs objected to the competency of Tyler to testify on the ground that Yowler, the payee of the note, was dead. The trial court sustained the objection. The correctness of this ruling is presented for decision.

There is no doubt but if Tyler was a competent witness the defendant would have established that he was a guarantor of the note, since while the presumption is that signing on the back of a note to which he is a stranger makes such signer a maker, yet if he sign after the note is executed he is a guarantor. [Adams v. Huggins, 73 Mo. App. 140.]

If he was a guarantor, the payments made upon the note by him will not arrest the running of the statute of limitations in favor of the maker. The guarantor is not a joint obligor on the same contract, for his contract is separate and distinct from the undertaking of the maker. [Maddox v. Duncan, 143 Mo. 613; Corbyn v. Brokmeyer, 84 Mo. App. 649; Adams v. Huggins, 73 Mo. App. 140.] While it is true that when the name of a stranger to the note appears indorsed upon the back thereof he will be presumed to be a maker; yet such presumption will not stand against evidence to the contrary; the real character of his obligation may be shown. [Herrick v. Edwards, 106 Mo. App. 633.]

The question then may be stated thus, was Tyler, the living guarantor, a competent witness against Yowler the deceased payee, or as applied directly to this case, against these plaintiffs whose claim, as assignee of the note, comes through Yowler? The statute (section 4652, Revised Statutes 1899) reads as follows: "In actions where one of the original parties to the contract

Thompson & Thompson v. Brown.

or cause of action in issue and on trial is dead . . . the other party to such contract or cause of action shall not be permitted to testify either in his own favor or in favor of any party to the action claiming under him," etc.

It will be noticed that the statute does not entirely refuse permission to the living party to testify. It only disqualifies the living witness from testifying to matters *in his own favor.* The terms of the statute do not disqualify him from testifying against himself, nor to matters which are of no concern to him and about which he can have no interest. The object of the statute was to place the dead and living parties upon equality, so that the latter could not have advantage of the former; and it sought to accomplish this by disqualifying the latter from aiding himself by testimony in favor of himself. So it has been held in two opinions by Judge ROMBAUER that a party is only disqualified from testifying to matters in his own favor. [Bank v. Hunt, 25 Mo. App. 170; Ford v. O'Donnell, 40 Mo. App. 51.] Those cases are supported by Angell v. Hester, 64 Mo. 142; Ring v. Jamison, 66 Mo. 424, 429; Meier v. Thieman, 90 Mo. 433, and Scott v. Burfiend, 116 Mo. App. 71, 75. So it is the law that a witness, otherwise disqualified, may be called to testify against his interest. [Matter of Potter, 161 N. Y. 87, 88; Carpenter v. Soule, 88 N. Y. 257, 258; Neish v. Gannon, 198 Ill. 223.] And though he be interested, the opposite party may call him. [Morton v. Jackson, 1 S. & M. (Miss.) 494; Ainsworth v. Stone, 73 Vt. 101.] It follows that the statute provision above quoted does not disqualify a witness to testify concerning matters about which he can have no interest even though the other party is dead. The Supreme Court held that if his interest was evenly balanced for and against himself, he was competent under the common law. [Bridges v. Bell, 13 Mo. 69, and a like ruling was made in the Supreme Court of Georgia: Lasseter

121 App—34

v. Simpson, 78 Ga. 61.] And this, under a statute similar to ours. [Harrison v. Perry, 86 Ga. 813.] If he had no interest, there is nothing to be said in his favor and consequently he is not testifying "in his own favor."

This brings us to consider whether the witness Tyler could have had any interest in the case before us. He was not a party to the record and while that alone would not prevent his disqualification, yet it tends to show that he was not to be immediately affected by the result of the litigation. From the statement already made it will be seen that plaintiffs seek to sustain the life of the note by the payments which were made thereon by Tyler within the period of limitations. As already shown, Tyler was a guarantor and if those payments were made by him in that capacity, they did not have the effect to keep the note alive as to the maker, yet they would do so as to Tyler himself. As stated by counsel for the estate, if Tyler made the payments either as guarantor or co-maker with Brown, the note would not be barred as against him and a judgment could be recovered against him whether he executed the note as principal or guarantor. Nor can the result of this action affect his liability. If these plaintiffs lose in this contest, it does not prevent them from obtaining judgment against Tyler. If they prevail in this action, it will be upon the theory that he and Brown were comakers and a judgment against Brown's estate would not bar a judgment against Tyler. It is therefore apparent that Tyler had no interest to subserve and that his testimony could in no event be taken to be in his own favor.

It is true that in some situations it would be to Tyler's interest to make himself a guarantor instead of a co-maker, as in the former character he could go upon the maker for the entire sum which he might pay; while in the latter he could only recover what he paid in excess of his own share. But such selfish interest

does not apply to Tyler under the facts of this case for the following reason.

At the time he was offered as a witness more than five years had elapsed since his last payment as guarantor and consequently, his action against the makers for reimbursement was barred, since it is necessary that he institute his action within that period. Upon payment of the principal's debt by the guarantor an implied obligation arises on the part of the principal to reimburse the guarantor upon which the latter has a cause of action. But the statute of limitations of five years applies to him the same as to a surety. [Singleton v. Townsend, 45 Mo. 380; Burton v. Rutherford, 49 Mo. 255; Huse v. Ames, 104 Mo. 97; Halliburton v. Carter, 55 Mo. 435; Bauer v. Gray, 18 Mo. App. 164.]

Plaintiffs cannot better their position by the suggestion that Tyler could now pay the balance on the note and thus revive it so that he could go upon the makers for the whole sum he has paid. For since his payments as guarantor have not kept the note alive as against the makers, it is barred as against them, and the law is that in order for a guarantor to hold the principal his payment must have been made upon a valid and subsisting obligation of the principal. If the latter is discharged by the statute of limitations there is no liability on the guarantor.

We do not regard the points made by plaintiffs, including the suggestion as to no affirmative showing of a consideration moving to Tyler for his guaranty undertaking as affecting what we have said. It follows that the trial court erred and the judgment is reversed and cause is remanded. All concur.