Hart's Adm'r v. Walker.

———•••———

HART's ADMINISTRATOR, Respondent, v. WALKER et al., Appellants.

1. In an action on a promissory note, the defendant has the whole of the second day of the term, if the term should continue longer than two days, within which to file his answer to the petition. It would be irregular to render judgment by default on the second day of the term; default could not be taken earlier than the third day. If taken on the second day, the defendant is entitled to have the same set aside without an affidavit of merits. (R. C. 1855, p. 1235, § 24.)

2. Exceptions to the action of a court in overruling motions should be preserved in bills of exceptions.

*Appeal from Stoddard Circuit Court.*

This was an action on a promissory note. On the second day of the return term, a judgment by default for want of an

answer was taken against the defendants.   On the same day
and before the adjournment of the court, the defendants
moved the court to set aside the judgment by default and for
leave to file an answer immediately.   The court overruled
the motion.   There was no bill of exceptions signed by the
judge.   The term continued more than three days.   The
defendants appealed to the supreme court.

*Noell*, for appellants.

I. The defendants had a right to answer at any time dur-
ing the second day of the term.   (R. C. 1855, p. 1235, § 24.)
And that, too, without having any conditions imposed upon
them.

*J. A. Glanville*, for respondent.

I. The court properly rendered judgment by default.
Good cause is not shown for the failure to answer.   (Fra-
zier v. Bishop, 29 Mo. 448.)   A motion is no part of the
record until made so by bill of exceptions, which has not
been done in this case.   (10 Mo. 457.)   There is no bill of
exceptions.   Defendants offer no proof that they had any
defence to make to plaintiff's demand.   There was no affida-
vit to that effect.

Scott, Judge, delivered the opinion of the court.

It appears from the record that the term of the Stoddard
circuit court, at which the judgment in this cause was ren-
dered, continued for more than two days.   The defendants
therefore had the whole of the second day on which to plead,
even though the cause was set for that day and was called on
that day in its turn.   The arrangement of the docket could
not deprive them of a right conferred by law.   Having the
whole of the second day on which to plead, a judgment by
default could not be taken on that day against the defen-
dants.   It could not be taken earlier than the third day.
As the judgment by default was not taken regularly, the
defendants were entitled to have it set aside without an affi-
davit of merits.   The granting the motion was not a favor,

and the court could impose no terms. It was a legal right and they could insist on it as such. After the motion was overruled, the defendants should have filed a bill of exceptions and preserved their motion in it and the action of the court upon it, which should have been signed by the judge. As the matter stands, there being no bill of exceptions, the judgment must be affirmed.