THE STATE *ex rel.* ESTES v. GAITHER *et al., Appellants.*

**The Motion for New Trial.** To enable the Supreme Court to consider the questions presented by the motion for new trial, it is not necessary that the filing of the motion and the action of the court thereon appear in what is known as the record proper; it is sufficient if they appear in the bill of exceptions.

*Appeal from Scott Circuit Court.*—Hon. D. L. Hawkins, Judge.

**Affirmed.**

*W. R. Donaldson* and *Smith & Krauthoff* for appellant..

*Thoroughman & Valliant* for respondent.

Hough, C. J.—This is an action against the defendants as sureties on an attachment bond. The bill of exceptions recites that the motion for a new trial was filed within four days after the trial, and was overruled by the court, but the transcript before us is otherwise silent upon the subject; and the question is presented, whether this court will consider the matters of exception presented for review, when the filing of the motion for a new trial and the action of the court thereon appear only in the bill of exceptions.

It has always been held in this State that the motion for a new trial is not part of the record proper and must be preserved by a bill of exceptions. It is also settled by the decisions of this court, that the action of the trial court on the motion for a new trial, is a matter of exception, and not of error, and it is accordingly held, that when the bill of exceptions fails to show that the action of the court in overruling the motion for a new trial was excepted to, this court will not review such action of the trial court. *Hart v. Walker*, 31 Mo. 26; *Bateson v. Clark*, 37 Mo. 34; *State v. Marshall*, 36 Mo. 403, 404. Now it is plain that if the action of the court in overruling the motion for a new trial is a matter of exception, such action cannot be regarded as belonging to the record proper, and must be preserved in the. bill of exceptions. The correctness of this view is apparent when we consider that the only object. of the motion for a new trial is to give the trial court an opportunity to review, or reconsider those rulings which

20—77

do not constitute a part of the record proper, and that an adherence to such rulings, by overruling the motion, can, therefore, occupy no higher plane, or possess greater dignity than the original rulings during the progress of the trial.

We are also of opinion that while the filing of the motion is required by statute, (R. S., § 3536,) to be entered upon the minutes; and must, therefore, go upon the record, this does not make such filing a part of what is known as the record proper, and such filing and the date thereof are properly shown by the bill of exceptions. The record proper has been declared to consist of the petition, summons and all subsequent pleadings, together with the verdict and judgment, and if material error appear in such record, we will reverse the judgment whether any exceptions were saved or not. All other matters occurring during the progress of a cause, are matters of exception, and such matters, together with the action of the court thereon, and the exceptions thereto, must be preserved in a bill of exceptions. The errors alleged to have been committed at the trial are, therefore, before us for review.

The appellant contends that the damages are excessive. There is testimony to support the verdict, and the instructions taken together correctly state the measure of damages. In such cases we cannot interfere.

The remarks of the plaintiff's counsel in his closing speech to the jury, while not in good taste, or warranted by the evidence, are not of such a character as to justify us in reversing the judgment.

The judgment is affirmed. All concur.