Cowan v. The St. Louis, Iron Mountain & Southern Railway Company, *Appellant.*

Railroads: COMPLAINT: REVIEWABLE ERRORS. The case of *Jackson v. St. Louis, Iron Mountain & Southern R'y Co., ante*, p. 147, affirmed.

*Appeal from Butler Circuit Court.*—Hon. R. P. Owen, Judge.

Affirmed.

*Smith & Krauthoff* with *T. J. Portis* for appellant.

Plaintiff's statement does not state a cause of action. *Bates v. Railway Co.*, 74 Mo. 60, and cases cited; *Asher v. Railroad Co.*, 79 Mo. 432. The instruction given on behalf of plaintiff was erroneous. *Mumpower v. Railroad Co.*, 59 Mo. 242. Nor was there any evidence that the animal entered upon the railroad at a point where there was no fence, and where the railroad passed through adjoining, inclosed and cultivated fields or uninclosed land. *Davis v. Railroad Co.*, 65 Mo. 441.

*Edwin Silver* and *I. M. Davidson* for respondent.

The statement is sufficient; certainly so after verdict. *Bowen v. Railraad Co.*, 75 Mo. 427; *Beecher c. Railroad Co.*, 75 Mo. 515; *Rozzelle v. Railroad Co.*, 79 Mo. 349; *Bates v. Railroad Co.*, 74 Mo. 60; *Welch v. Ryan*, 28 Mo. 32. The evidence was sufficient to authorize the submission of the

case to the jury.  *Moore v. Railroad Co.*, 73 Mo. 438; *Blew-itt v. Railroad Co.*, 72 Mo. 583.  The court cannot review the action of the trial court in giving and refusing instructions, because no exception is preserved in the bill to the overruling of the motion for a new trial.  *State ex rel. Estes v. Gaither*, 77 Mo. 304.

NORTON, J.—The point made by counsel that the statement fails to state a cause of action, is not well taken.  The statement is precisely like the statement in the case of *Jackson v. St. Louis, Iron Mountain & Southern R'y Co.*, ante, p. 147, which was held to be good.

The only other point made by counsel is, that the court erred in its instructions, and this point cannot be considered by us, for the reason that the bill of exceptions does not show that any exception was taken to the action of the court in overruling the motion for new trial, and this under the ruling of this court in the case of *State ex rel. Estes v. Gaither*, 77 Mo. 304, forbids an examination of the instructions.

Judgment affirmed.  All concur.