BARTLETT, *Appellant*, v. VEACH *et al.*

Division One, March 30, 1895.

Practice in Supreme Court: MOTION FOR NEW TRIAL. Where no motion for new trial was filed in the trial court, the supreme court will, on appeal, review only such errors as appear on the face of the record proper; in such case, errors assigned upon the admission of evidence and other rulings during the progress of the trial will not be considered.

*Appeal from Nodaway Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*W. C. Ellison* for appellant.

*E. A. Vinsonhaler* for respondent.

No motion for a new trial was filed in this case, and under the statute and the ruling of this court in *McCarthy v. McGinnis*, 76 Mo. 344, and *Johnson v. Carrington*, 120 Mo. 315, there is nothing for this court to review, as no error appears in the record proper.

ROBINSON, J.—Plaintiff began this action for the possession of forty acres of land in Nodaway county. Defendant filed an answer setting up that plaintiff's claim of title arose out of a pretended sale of the land sued for, under a deed of trust executed by defendant's grantor securing a note therein named, that was fully paid off and discharged before the day of the pretended sale of the land to plaintiff, etc., and closed with the prayer that the court cancel and set aside the trustee's deed to plaintiff, and for other and further relief and for costs of suit. Case was tried by the court and resulted in a judgment for defendant. Plaintiff then filed his affidavit for appeal, and the appeal was granted and in due time a bill of exceptions was filed, and in that condition the case has reached this court.

As appears from the record, no motion for a new trial was ever filed in the trial court, and hence this court can not now consider plaintiff's assignment of errors. This court has repeatedly held that it would not consider any assignments of error which relate to rulings that took place at the trial that do not appear upon the face of the record proper. If no motion for a new trial was made, setting out the objections to the admission of improper testimony complained of, this court can consider it only as if it had been admitted without objection. The trial court must first be given

an opportunity to correct the alleged error in the admission of improper evidence, and all other improper rulings arising during the progress of the trial, or the objections will be considered by us as having been waived and we will decline to review them. *Vineyard v. Matney*, 68 Mo. 105, and *Hatcher v. Moore*, 51 Mo. 115, and cases there cited.

No error appearing upon the face of the record proper, the judgment of the trial court will be affirmed. All concur.