MORDAICA A. JACKSON, Defendant in Error, v. JOHN H. FERGUSON, Plaintiff in Error.

St. Louis Court of Appeals, October 18, 1898.

Practice: ABSTRACT OF RECORD. Where the abstract of record discloses nothing showing that a motion for new trial was filed in the lower court within the statutory period, nor that the motion for new trial contained therein was ever acted upon by the court, nor that any exception was taken to any ruling thereon, and nothing being presented by the appeal but a consideration of the record proper, and it appearing from the face thereof that the judgment was warranted by the scope and allegations of the pleadings, it was held that the judgment of the trial court must be affirmed.

*Appeal from the Madison Circuit Court.*—HON. JAMES D. FOX, Judge.

AFFIRMED.

M. R. SMITH for defendant in error.

The record does not show that motion for a new trial was filed within four days after judgment, that it was overruled and the action of the court excepted to

by appellant.  R. S. 1889, sec. 2243; Hohstadt v. Daggs, 49 Mo. App. 158; Welch v. R'y Co., 62 Mo. App. 57.  As the record or transcript fails to show that appellant objected and excepted to the action of the court in overruling motion for a new trial, if it was overruled, there is no record in this cause to be considered, except the record proper.  Danforth v. R'y Co., 123 Mo. 198, and authorities cited.  The record must show that the motion was overruled, and the appealing party objected and excepted thereto.  Danforth v. R'y Co., *supra*.  If any notice was given of the issuance of the writ of error, the papers on file in this court fail to show the same.  R. S. 1889, sec. 2290; Davenport v. The City of Hannibal, 110 Mo. 574; Rule 7 of this court. The record herewith filed shows that appellant, or plaintiff in error, first appealed this cause, afterward sought to sue out writ of error to which M. A. Jackson makes the point, that a litigant can not pursue both methods of bringing a cause to this court at the same time. State v. Thompson, 30 Mo. App. 504; Brill v. Meek, 20 Mo. 358; Chinn v. Davis, 21 Mo. App. 371; Oberkoetter v. Luebering, 4 Mo. App. 483; State ex rel. v. Ashbrook, 38 Mo. App. 279; Freeman v. Quarry Co., 30 Mo. App. 364; 2 McQuinn Plead. & Prac., sec. 2013; Ladd v. Cousins, 35 Mo. 516; State ex rel. v. Davis, 54 Mo. App. 261.  Because the record fails to show that there is any bill of exceptions, for the reason that it was filed out of time, and for the further reason that it fails to give the order of extension of time, and further that it fails to show, that if the order of extension was made within the first time granted within which to file bill, and it fails to show even if there was an order made extending the time whether it was filed within the time so extended.  Fulkerson v. Murdock, 123 Mo. 296; R. S. 1889, sec. 2168; State

v. Scott, 113 Mo. 559; State v. Hilterbrand, 116 Mo. 543.

WM. M. NALLE with B. B. CAHOON for plaintiff in error.

Ferguson had a right to rely against the world on the statements made to him by E. E. Jackson, his partner. Strictest confidential relations exist between partners, such as were E. E. Jackson and Ferguson. 17 Am. and Eng. Ency. Law, pp. 1050 to 1056, 829, 1054 to 1056, 1109, 1110, 1287; 1 Story Eq. [10 Ed.], sec. 466, 663, and note to sec. 523. Not even by suppression of material facts, to say nothing of expression thereof, can one partner gain an advantage of another. Hence the sale by E. E. Jackson to Ferguson, while E. E. Jackson had exclusive control of the business of the firm, by even expressing the opinion, "I thought the debts were but $4,000," was a fraud and rendered the sale and everything under it, including the execution of the note for $1,000, void. 1 Sto. Eq., sec. 220, 523 and note; 17 Am. and Eng. Ency. of Law, pp. 1061, 1109, 1110, 1287. E. E. Jackson having gone into the business on a fraudulent misrepresentation as to the capital he put in (three fourths of $6,000) is to be held responsible for all he ought to have made for the firm; hence his plea, "it lost" is unavailing. 1 Sto. Eq. [10 Ed.], secs. 514 and 514a. As to E. E. Jackson, a partner who did not make full disclosures, and one not keeping correct books, and destroying bills and evidences of debt, every presumption is to be invoked against him in this suit. 1 Sto. Eq. [10 Ed.], sec. 514a. Acts, omissions or concealments, or deceits misleading or betraying trust or confidence justly reposed, where they injure another, is fraud. And a willful misstatement, in ignorance of the truth, is the

same as a falsehood and will constitute ground for re-lief. Keho v. Taylor, 31 Mo. App. 588; McBath v.. Craddock, 28 Mo. App. 380; Nauman v. Oberlo, 90 Mo. 666. The non-keeping of correct accounts by E. E. Jackson is a violation of the trust relation with Ferguson as a partner and is a badge of fraud. 17 Am. and Eng. Ency. of Law, pp. 1054, 1055 and 1056. It was incumbent on E. E. Jackson to make his con-tribution as to his part of the capital free of all liens or incumbrances whatever. 17 Am. and Eng. Ency. of Law, 936. Refusing to make a full exhibition of the partnership accounts and to introduce full accounts or so far as he had them, and the character of E. E. Jackson's answer in view of the alleged fraud in the bill against him are badges of fraud, and under the circumstances show in this case plaintiff is not to be held to strict proof. 17 Am. and Eng. Ency. of Law, pp. 1290, 1291, 1292 and note; Baldwin v. Whitcomb, 17 Mo. 651–657; Snell v. Harrison, 104 Mo. 189; Clements v. Moore, 6 Wal. [U. S.] 229; Bobbin v. Johnson, 197 U. S. 251; 9 Cranch 153.

BOND, J.—Plaintiff sues the defendant upon a promissory note executed by him to E. E. Jackson for the sum of $1,000. It is alleged in one count of the petition that by inadvertence and mutual mistake E. E. Jackson was made the payee of said note, when in point of fact it should have been made payable to plain-tiff, and a reformation is prayed. It is alleged in another count of the petition that the note was duly assigned to plaintiff by E. E. Jackson. After praying for a reformation plaintiff also sought to recover judg-ment for the amount of the note. Defendant admitted the execution of the note, denies that it was intended to be executed to plaintiff, and averred that it was

fraudulently procured and without consideration, and alleged that plaintiff took it with full knowledge of these infirmities. The answer further set up that defendant had instituted a suit against plaintiff for the cancellation of said note. The cause was tried by the court without the aid of a jury, and a verdict and judgment rendered in favor of plaintiff, from which this writ of error was duly prosecuted by defendant.

The case is brought up for review upon certificate and abstract as contemplated by section 2253 of the Revised Statutes of Missouri. A careful examination of the printed matter filed in this court as an abstract of the entire record of this cause, discloses nothing showing that a motion for new trial was filed in the lower court within the statutory period, nor that the motion for new trial contained therein was ever acted upon by the court, nor that any exception was taken to any ruling thereon. These are insuperable difficulties to the consideration by us of the rulings of the trial court upon matters of exception arising in the lower court. This has been repeatedly decided by the appellate courts in this state and clearly announced in the terms of the statute. Danforth v. Railway, 123 Mo. loc. cit. 196; Wentzville Tobacco Co. v. Walker, 123 Mo. 662; Bruns v. Capstick, 62 Mo. App. 57; Hohstadt v. Daggs, 49 Mo. App. 158; State ex rel. Estes v. Gaither, 77 Mo. 304; McIrvine v. Thompson, 81 Mo. 647; Wilson v. Haxby, 76 Mo. 345; Demske v. Hunter, 23 Mo. App. loc. cit. 466; State to use v. Mason, 31 Mo. App. loc. cit. 211; R. S. 1889, secs. 2243 and 2302.

Nothing being presented by this appeal but a consideration of the record proper, and it appearing from the face thereof that the judgment rendered was warranted by the scope and allegations of the pleadings, it must be affirmed.

All concur.