## CROSSLAND, Appellant, v. ADMIRE.

### Division One, May 23, 1999.

1. **Appeals**: MATTERS OF RECORD PROPER. It is not necessary that the bill of exceptions show that the motion for a new trial was filed during the term at which the case was tried, or that the case was continued to the term pending that motion, or that leave was given appellant to file his bill of exceptions in vacation, or that the appeal was taken during the term at which the case was determined. These things are not matters of exception, and have no place in the bill of exceptions, but are a part of the proceedings of the court in the case, and are properly manifested by the record thereof, and properly certified to the appellate court in the transcript of that record.

2. ———: NO ANSWER. Although no answer was filed in the court below, if it appears from the bill of exceptions that the cause was tried as if there had been, the answer on appeal will be considered as filed.

3. ———: SERVICE BY PUBLICATION. Following Tooker v. Leake, 146 Mo. 419, it is again held that the service by publication on a resident defendant, where no allegation was made in the petition or in an affidavit that the defendant was a non-resident, and where the order of publication was issued against him as a non-resident after a *non est inventus* return of the summons, does not give the court jurisdiction of the person of defendant, and a judgment founded thereon is void, and a sheriff's sale under execution thereunder carries no title.

*Appeal from Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED (*with directions*).

JAMES M. LEWIS and CHARLES M. NAPTON for appellant.

The order of publication was void. Spurlock v. Dougherty, 81 Mo. 171; Lagrone v. Rains, 48 Mo. 536. In State v. Finn, 11 Mo. App. 408, the court referring to section 2024,

says: "The court is not necessarily to make the order of publication upon the evidence of the sheriff's return, but it must be 'first satisfied that process can not be served.' This undoubtedly contemplates and requires an independent judicial inquiry on the part of the court, and a judicial ascertainment of the fact that the defendant is beyond the reach of process before the order of publication is to be made." The only way the court could have been made "satisfied that defendant was a non-resident of the State" was either by an affidavit or a statement in the petition to that effect. And neither of these things was done. Cruzen v. Stephens, 123 Mo. 337; State v. Wheat, 63 Mo. App. 1.

NORTON & AVERY for respondent.

(1) The bill of exceptions filed in this case and contained in the transcript, is insufficient and there is nothing before the court to review except the record proper, for the following reason: Because the bill of exceptions which recites that it was filed on the fifth day of May, 1896, in vacation, does not show nor does it call for any record showing that leave was granted to file in vacation. The bill of exceptions must show this. It is not a part of the record proper. Bateson v. Clark, 37 Mo. 31; Land Company v. Bertz, 125 Mo. 418; Lilly v. Menke, 126 Mo. 212. All of these cases and others in our State decide that the record proper is the "petition, summons, and all subsequent pleadings, including the verdict and judgment." This the court will review, because it is the record; but all the other matters must be brought to the attention of the court by the bill of exceptions. Hutt v. Simms, 14 Mo. App. 451; Land Company v. Bertz, 125 Mo. 418. (2) Appellant's attorneys, citing Spurlock v. Dougherty, 81 Mo. 171, and Lagrone v. Rains, 48 Mo. 536, contend as follows: "A regular notice published as the law requires is the very foundation of the collector's authority to sell land for the taxes, and the property of the citizen can not

Crossland v. Admire.

be diverted by this kind of sale unless it appears affirmatively that the requirement of the statute has been strictly pursued." These were cases decided under a different statute where the proceeding was in a summary manner without the formality of judgment of a court of general jurisdiction. In the case of Allen v. McCabe, 93 Mo. 138, in which the same contention was made, the court says at page 143: "It may be as well, however, to remark that the cases cited which support this proposition of law are cases in which the collector was author-ized in a summary manner to sell land without the judgment of any court, or a court of limited jurisdiction, and are not in point in this case, which is that of a court of general jurisdic-tion, and the same presumptions are to be indulged in favor of its judgment and the proceedings under it in tax cases, as in an action between individuals." The case of Cruzen v. Stephens, 123 Mo. 337, certainly is conclusive in the affirmance of the case at bar, even in the most favorable light of appel-lant. There is no contention but that a summons was issued, that there was a return of not found, and that an order of publication was ordered by the court, notifying defendant of the commencement of the suit. The court in deciding this case, says at page 343: "The fact that the court made such an order after the return of 'not found' is sufficient of itself to indicate that it was 'satisfied' of the required fact." The court is presumed to act in conformity to the law. The court might well reject in this case the finding of non-residence as surplusage, and still there would be sufficient to make it a valid publication, because then it would only result in a silent record as to how it was "satisfied," yet it would be presumed that the court acted in accordance with the law and was "satisfied." Brown v. Walker, 11 Mo. App. 230; s. c., 85 Mo. 262; Wellshear v. Kelly, 69 Mo. 351; Allen v. McCabe, 93 Mo. 143.

BRACE, P. J.—This is an action in ejectment to re-cover an eighty acre tract of land in Lincoln county. The

petition is in common form. The defendant, though duly summoned, did not answer or otherwise plead, and final judgment was entered against him. Afterward, upon the same day, on motion of defendant, the judgment was set aside, and from the order setting aside the judgment the plaintiff appealed to this court, where the appeal was dismissed on the twenty-first of November, 1893. [118 Mo. 87.]

The record entries of the proceedings thereafter had in the case, as shown by the transcript filed herein, are as follows, omitting caption and immaterial matters:

Mandate of Supreme Court "filed in vacation, December 11th, 1893."

"April 4th, 1894," "9th day of spring term," "continued."

"Oct. 9th, 1894," "2d day of fall term," "plaintiff by leave of court withdraws his application for a change of venue in this cause," and on the same day "plaintiff presents his bond for costs" . . . . . . "which said bond is by the court approved and ordered filed."

"And afterwards on the 19th day of December, 1895, it being the 10th day of the fall adjourned term, 1895, the following further proceedings were had in said cause, to wit:

"Now here on this day come the parties to this suit by their attorneys, and all matters and things herein contained being submitted to the court of the following described lands, to wit: West half of the northeast quarter of section 15, township 49, range 2 east, containing 80 acres. The court after hearing all the evidence in the cause, and argument of counsel, renders a verdict in favor of defendant for the possession of the following described premises, situated in Lincoln county, Missouri, to wit, the west half of the northeast quarter of section 15, containing 80 acres. It is ordered and adjudged by the court that defendant have and recover of plaintiff and George Crossland and James M. Lewis, as his

sureties, his costs and charges herein incurred, and that he have execution issued therefor."

Afterwards on the same day, plaintiff by his attorneys "file motion for new trial in words and figures as follows, to wit: (setting out motion); and on the same day "now here on this day come the parties to this suit by their attorneys and the motion heretofore filed for a new trial being taken up and submitted to the court is by the court continued." "And afterwards, to wit, on the 23d of March, 1896, it being the first day of spring term, 1896, the following further proceedings were had in said cause, to wit: Now here on this day come the parties to this suit by their respective attorneys and the motion for a new trial heretofore filed being taken up and submitted to the court is by the court overruled. Affidavit for appeal filed. Appeal granted. Bond approved. Bill of exceptions to be filed in 30 days after end of term."

"Afterwards, to wit, on the 2nd day of April, 1896, 9th day of spring term, the plaintiff filed with the clerk of the circuit court of Lincoln county, his affidavit for appeal, in words and figures as follows, to wit:" (then follows a copy of the filing of the affidavit, and appeal bond, a copy thereof, and its approval in open court on the same day).

The next entry is as follows: "And afterwards, to wit, on the 5th day of May, 1896, in vacation, the plaintiff filed his bill of exceptions in words and figures as follows, to wit," and then follows the bill of exceptions, duly authenticated by the judge on the fourth of May, 1896, with the following subscription: "We agree to the foregoing bill of exceptions, April 20, 1896," signed by the attorneys for both sides.

(1)   The foregoing complete abstract of the record entries has been made and set out in view of the contention of counsel for respondent, that the bill of exceptions is insufficient, in that it fails to show that the motion for a new trial was filed during the term at which the case was tried, and con-

tinued to the next term; that leave was given plaintiff to file the bill in vacation; and that the appeal was taken during the term at which the case was determined. It is not contended that these matters were not shown by the record entries, but that they must be shown by the bill, and not having been so shown, the bill constitutes no part of the record and there is nothing before this court for review, except "the record proper," which it is contended under our decisions consists only of the "petition, summons, and all subsequent pleadings including the verdict and judgment."

If this contention could be sustained the defendant would then have to be put in the same short harness with the plaintiff, with a result anything but beneficial to him, since "the record proper" which shows a judgment in his favor, shows also a good petition for the plaintiff and no defense thereto by demurrer, answer, or otherwise, and the judgment thereon should have been for the plaintiff instead of for the defendant who had nothing to rest a judgment upon in his favor, and the consequence would be a reversal. But the position is untenable. Surely, there can be no sound rule of law requiring a bill of exceptions to be reviewed in order to determine whether or not the matters therein contained may be reviewed. The contention seems to receive support, however, from the opinion of the majority of the court in Holt v. Simmons, 14 Mo. App. 450, in which a number of decisions of this court are cited. The falacy of the position, however, is well exposed in the dissenting opinion of THOMPSON, J., in that case, who failed to find any support for it in the cases cited by the majority, and in which he well says: "The only person who can certify the rulings of the court made in the progress of the cause, so that they can be noticed in an appellate court, is the judge himself. It therefore follows that matters of exception must be certified by him in a bill of exceptions, for the reason that such matters are not already certified by him on the minutes. But matters which are certified by him on the minutes

need not be again certified by him in a bill of exceptions, be-
cause this would be a work of supererogation." The cases
cited are some of those in which it was determined what is
matter of exception, and what belongs to the record proper,
but they are far from holding that the rulings and proceed-
ings of the court in the case not excepted to, must be evi-
denced by, and certified to the appellate court in the bill of
exceptions. The filing of a motion for a new trial, its con-
tinuance, the leave given to file a bill of exceptions in vaca-
tion, and the granting of the appeal, were not matters ex-
cepted to, and had no place in the bill of exceptions. They
were a part of the proceedings of the court in the case, properly
manifested by the record thereof, and properly certified to
this court in the transcript of that record.

(2) Although the record fails to show that any answer
was ever filed, it appears from the bill of exceptions that the
case was tried in the court below as if there had been, and we
shall so treat the case here, as we have heretofore done in
other cases where the record failed to show that issue was
joined by reply to answer. It was admitted on the trial, that
the title to the premises was in the plaintiff, unless his title
was divested by a sheriff's deed made in pursuance of a sale,
under an execution on a judgment for delinquent taxes, against
him. He was a resident of the State. The petition was filed
and summons issued against him as such, without any affidavit
of non-residence. Upon a *non est* return of the summons, an
order of publication was issued against him as a non-resident,
and upon proof of publication of the order, the judgment was
rendered. The only question in the case is whether the cir-
cuit court by such publication acquired jurisdiction to ren-
der the judgment. This question was carefully considered
in the recent case of Tooker v. Leake, 146 Mo. 419, in which
it was held that service by such a publication under such
circumstances conferred no jurisdiction upon the circuit court
to render the judgment. That case is decisive of the ques-

tion, and the judgment of the circuit court must be reversed. It is accordingly so ordered, and that the cause be remanded to the circuit court with directions to enter up judgment for plaintiff for possession of the premises and for rents and profits after due inquiry as to the value thereof.

All concur.