Hill v. Combs.

---

URI J. HILL, Appellant, v. B. F. COMBS et al., Respondents.

Kansas City Court of Appeals, Dec. 2, 1901, and Feb. 25, 1902.

1. **Trial and Appellate Practice: RECORD PROPER: FILING MO-TION FOR NEW TRIAL: RECORD ENTRIES.** The present ruling as declared in Crossland v. Admire, 149 Mo. 650, and later cases is that the record proper consists not only of petition, summons, pleading, verdict and judgment, but likewise the record entries showing the filing of the motion for new trial, its continuance, leave to file bill of exceptions, the filing of the same, and the granting of the appeal; therefore, the recital in the bill of exceptions that the mo-

Hill v. Combs.

tion for new trial was filed within the statutory time and subsequently overruled, are insufficient to authorize a review by the appellate court of any matter of exception preserved in the bill, especially where the record entries fail to show the facts so recited. Cases considered and distinguished.

2. ———: CONCLUSION OF FACTS: RECORD PROPER: EXCEPTION: SPECIAL VERDICT. When the conclusions of facts are incorporated into the judgment itself,. the appellate court will review the conclusions of law upon the facts found whether exceptions have been taken and preserved or not. Such findings stand as a special verdict or an agreed case.

3. Bills and Notes: GUARANTOR: WRITING NAME ON BACK. One signing a completed note on the back becomes a guarantor.

4. ———: ———: ACTION: SOLVENCY. A guarantor contracts that the maker will pay at maturity and when he defaults, the holder can proceed directly against the guarantor even though the maker be solvent.

5. Guaranty: JOINT OR SEVERAL CONTRACT: COMMON LAW. At common law, where two or more persons undertake the performance of an obligation, the undertaking is presumably joint and words of severance are required to overcome the presumption.

6. Bills and Notes: GUARANTY: PARTIES: MAKER. The contracts of the maker and the guarantor are not identical in their liability, and such parties may not be joined in the same action.

7. ———: ———: JOINT OR SEVERAL CONTRACT: ACTION. Two parties without any consultation or agreement between them at different times wrote their names on the back of a , completed note and the holder thereafter sold it. *Held*, the transferee could maintain a joint action against said parties as guarantors.

8. ———: ———: FORMER JUDGMENT: ESTOPPEL. Guarantors were sued along with the maker on a certain note. In that action the finding was for the guarantors on the ground that they were guarantors. *Held*, the former action was no bar to a subsequent one against them as guarantors.

9. Action: INCONSISTENT REMEDIES: MISTAKE OF REMEDIES: ETOPPEL. Where a party has two alternative and inconsistent remedies and he chooses one, he may be estopped to pursue the other; but where he mistakes his remedy he is not estopped thereafter to pursue his proper remedy.

Hill v. Combs.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

. Reversed and remanded *(with directions).*

*Frank Hagerman* and *Geo. R. Thompson* for appellant.

(1) Defendants were guarantors. Parker v. Straat, 39 Mo. App. 623; Stagg v. Linnenfelser, 59 Mo. 336; Burnham v. Gosnell, 47 Mo. App. 637; Adams v. Huggins, 78 Mo. App. 219. (2) Must the maker be proceeded against first or shown to be insolvent? Osborn & Co. v. Lawson, 26 Mo. App. 554; Perry v. Barret, 18 Mo. 145. (3) A guaranty of payment is not even conditioned on demand, in this State. Wright v. Dyer, 48 Mo. 527; Singer Mfg. Co. v. Hester, 71 Mo. 91; 2 Randolph on Com. Paper, sec. 580; Baylis on Sureties and Guarantors, p. 189; Daniel on Negotiable Instruments (4 Ed.), sec. 1769. (4) Hill could not be prejudiced by any verbal agreement between payee and Coombs or White, at the time of getting their names on the note. Chaffee v. Railroad, 64 Mo. 195; Cayuga National Bank v. Dunklin, 28 Mo. App. 444. (5) Was there a misjoinder? 1 Parsons on Contracts (6 Ed.), p. 11; Bliss on Code Pleading, sec. 92; Chitty and Bliss on Code Pleading, sec. 83; Pomeroy on Remedies and Remedial Rights, pp. 329, 451; R. S. 1889, sec. 1995; Bliss on Code Pleading, sec. 94; Railroad v. Trauble, 59 Mo. 362; Adams v. Huggins, 73 Mo. App. 143; Burnham v. Gosnell, 47 Mo. App. 638; Central Savings Bank v. Shine, 48 Mo. 464; Swan's Pleadings and Precedents, p. 32.

*Meservey, Pierce & German* for respondent White.

(1) The abstract of the record is insufficient to entitle plaintiff to a review. Jackson v. Ferguson, 76 Mo. App. 270; Danforth v. Railroad, 123 Mo. 198. This document contains a recital that a motion for new trial was filed and passed upon,

but recitals in the bill of exceptions to that effect can not take the place of or supply the record proper. Western Storage & Warehouse Co. v. Glasner, 150 Mo. 426; Sperling v. Stubblefield, 3 Mo. App. Rep. 248. (2) This court will not disturb the special finding of facts. Freeman v. Moffitt, 119 Mo. 280. (3) The only error of the court below was in favor of appellant. (4) The two several guarantors could not be sued jointly. Maddox v. Duncan, 143 Mo. 613; 17 Am. and Eng. Ency. of Law, 571; Givens v. Bank, 2 Ala. 397; Allen v. Fosgate, 11 How. (N. Y.) 218; Fawcett v. Fell 77 Pa. St. 308; Register v. Casperson, 3 Harr. (Del.) 289. The note and guaranty are different instruments, and imply distinct and different obligations. The guarantor's liabilty is not on the note. Burnham v. Gosnell, 47 Mo. App. 637; Allen v. Fosgate, 11 How. 218; Barton v. Speis, 5 Hun. 60; Mooney v. Mast, 9 Neb. 445; Tyler v. Trustees, etc., 14 Ore. 485; Graham v. Ringo, 67 Mo. 324; Parmerlee v. Williams, 71 Mo. 410; Bank v. Shine, 48 Mo. 462; Miller v. Gaston, 2 Hill (N. Y.) 188. (5) The plaintiff having elected to sue defendants as makers of the notes, and a judgment having been entered against him, he can not now sue them again in a different capacity. The judgment in the first case is a bar to this action. 1 Herman on Estoppel and Res. Adj., p. 535, sec. 449; Barnett v. Nolte, 55 Mo. App. 184; Ins. Co. v Young, 1 Cranch 340; Cranston v. Smith, 47 Mich. 647; Railroad v. Traube, 59 Mo. 355; Thomas v. Joselyn, 1 Am. St. Rep. 624, and note; Donnell v. Wright, 147 Mo. 639; Hubbell v. United States, 171 U. S. 203; Columbia v. Webster Mfg. Co., 84 Fed. 592, 595; Railroad v. United States, 168 U. S. 48; Jones v. Bank, 33 U. S. App. 713; Kellogg v. Thompson, 73 N. W. (Mich.) 893; Cincinnati v. Emerson, 57 O. St. 132; Beloit v. Morgan, 7 Wall. 619; Sessions v. Block, 40 Mo. App. 572.

SMITH, P. J.—This is a suit which was brought by plaintiff against defendants as guarantors on a note executed by a

Mrs. Ready, payable to Blakemore. After the delivery of the note to the payee the defendants wrote their names across the back thereof and immediately thereafter it was sold to the plaintiff for a valuable consideration. The defendants had judgment in the court below and plaintiff appealed.

I. At the threshold of this case the defendants have raised the objection that the record before us does not show that a motion for a new trial was filed in the trial court within the time required by the statute, nor overruled by that court, and that therefore our review must be restricted to an examination of such errors, if any there be, as are apparent upon the face of the record proper. The case was brought here by what is commonly known as the short method, under the provisions of section 813, Revised Statutes 1899. The bill of exceptions which was copied *in extenso* into the abstract recites that the motion for a new trial was filed within four days after the verdict and judgment and was subsequently overruled by the court. But the abstract of the record entries made by the clerk fails to show that the motion was filed and subsequently overruled. No reference is made in that part of the abstract to such motion or the action of the court thereon.

It is well settled in this State that unless the record affirmatively shows that the motion was filed within the time required by the statute no matter of exception can be reviewed but only such errors as are apparent upon the face of the record proper. St. Louis v. Boyce, 130 Mo. 572; Danforth v. Railroad, 123 Mo. 198; Jackson v. Ferguson, 76 Mo. App. 270.

The motion for a new trial in this State, though otherwise in some of the other States (Elliott App. Prac., sec. 190, and cases there cited) has been many times ruled not a part of the record proper and must be preserved by the bill of exceptions. The action of the court on the motion is a matter of exception and not of error and, therefore, unless the bill of exceptions shows that the overruling of the motion was excepted to, the

Hill v. Combs.

action of the trial court is not reviewable here. Hart v. Walker, 31 Mo. 26; Bateson v. Clark, 37 Mo. 34; State v. Marshall, 36 Mo. 403.

The filing of the motion is required by the statute to be entered upon the clerk's minutes and must, therefore, go upon the record. Swainson v. Bishop, 52 Mo. 227; Riley v. Pettis County, 96 Mo. 318.

But does this make such filing a part of what is known as the record proper? All the appellate courts of this State have concurrently ruled that the filing of such motion and the date thereof are properly shown by the recitals in the bill of exceptions. State v. Gaither, 77 Mo. 304; Damske v. Hunter, 23 Mo. App. 466; State, etc., v. Mason, 31 Mo. App. 211; Mesker v. Cutler, 51 Mo. App. 341; Bruns v. Capstick, 62 Mo. App. 57. And it will be seen by reference to Bateson v. Clark, supra, and the many cases that have followed it, that it has also been held that the record proper consists of the petition, summons and all subsequent pleadings, together with the verdict and judgment, and if material error in such record appears, the judgment will be reversed whether any exceptions were saved or not; and that other matters occurring during the progress of a cause were merely matters of exception, and such matters together with the action of the court thereon and the exceptions thereto must be preserved by bill of exceptions.

But there is another line of cases in this State, beginning with the dissenting opinion of Judge THOMPSON in Holt v. Simmons, 14 Mo. App. 450, which declare as to what constitutes the record proper, a broader and more comprehensive rule than that announced in Bateson v. Clark, and the other like cases to which we have referred. Crossland v. Admire, 149 Mo. 650; Lawson v. Mills, 150 Mo. 428; Western Storage v. Glasner, 150 Mo. 426. These later cases seem to make a distinction between the matters of record and matters of exception like this: "that any rule, order or judgment in a proceeding emanating from the breast of the judge is entered

on the minutes of the court by the clerk and signed by the judge on the following day, *is a matter of record;* and the rulings which the judge makes during the progress of the trial which are not entered on the clerk's minutes and are not authenticated by the signature of the judge upon the minutes of the court, *are matters of exception."*

In Crossland v. Admire, supra, the bill of exceptions failed to show that the motion for the new trial was filed at the term of the court at which the case was tried, but the record entries showed that it was so filed. It was contended that as this was not shown by the bill, that it was insufficient, and that there was nothing before the court for review except the record proper, which consisted of the petition, summons and all subsequent pleadings, including the verdict and judgment. The decision of the court was in effect that the motion for new trial was not a matter excepted to and had *no place in the bill of exceptions;* and, further, that it was a part of the proceedings of the court in the case properly manifested by *the record thereof and properly certified to the court in the transcript of the record.* In Western Storage v. Glasner, supra, *the bill of exceptions showed* the motion for a new trial and that the same had been overruled, and that defendants had leave to subsequently file their bill of exceptions; and that they had filed the same in pursuance of such leave. It was there held that as there was a total absence of any record showing any such state of facts, and as the bill of exceptions to that effect could not take the place of the record proper, the appeal would be dismissed. In Lawson v. Mills, supra, the record entries did not show *the time for filing of the bill of exceptions had been extended or that the bill had been filed. It was held a bill of exceptions can not prove itself.*

The cases just referred to declare in substance that the record proper consists not only of the petition, summons and all subsequent pleadings, including the verdict and judgment, but as well the record entries showing the filing of the motion for

a new trial, its continuance, the leave given to file the bill of exceptions in vacation, the filing of the same, and the granting of the appeal.   It would seem from this classification that the record entry showing the filing of a motion for a new trial is as much a part of the record proper as a record entry showing the filing of a bill of exceptions and that since the latter can not be manifested except by the record proper, and not by the recitals in the bill of exceptions, neither can the former. If the filing of a motion for a new trial has no place in a bill of exceptions as expressly declared in Crossland v. Admire, supra, it must of course be shown in the abstract of the record entries and it follows that its absence there would be fatal to the appeal, except as to errors apparent upon the face of the record proper.

State v. Gaither, 77 Mo., ante, and the several cases cited with it from our appeal reports do not seem to have been either cited or noticed by the court in Crossland v. Admire, supra, nor indeed in any one of the cases cited in connection with it.   The later cases by the clearest implication have overturned the former in the particulars which we have indicated. No case has been found where it has been held that the filing of the motion for a new trial may be shown by either the record entries or by the bill of exceptions.   It is true, that Judge SHERWOOD in Welsh v. St. Louis, 73 Mo. 73, remarked that it did not in that case appear either from the record proper or the bill of exceptions that the motion for a new trial had been filed, and that therefore the appeal must be dismissed.

We must conclude since it is held in the more recent cases that as the filing of the motion for the new trial has no place in the bill of exceptions, that such a recital of it there can not be noticed any more than any other fact which must be manifested by the record entries.   We feel, therefore, constrained to hold that the recitals in the plaintiff's bill of exceptions, that the motion for the new trial was filed within the statutory time and subsequently overruled, have no place there and are insuffi-

cient to authorize a review by us of any of the several matters of exception preserved by the bill. Especially is this so since the record entries fail to show the facts so recited. We must consider the case as if no motion was filed at all. Bartlett v. Veach, 128 Mo. 91.

II. It inevitably follows from the conclusions expressed in the preceding paragraph, that in determining the questions brought here by the appeal, we must exclude from our consideration the motion for the new trial. We must treat the case as one where no motion for a new trial has been filed and overruled by the court below.

Turning to the record thus curtailed, we find that Mrs. Ready executed to Blakemore her negotiable promissory note payable twelve months after date; that after the execution and delivery of the said note, the defendants wrote their names on the back thereof as guarantors; that afterwards and before the maturity of said note the said Blakemore for a valuable consideration indorsed and delivered said note to the plaintiff. In the separate answers of the defendants it was in substance pleaded that they were several guarantors and therefore not jointly liable. There was a trial before the court, a jury being dispensed with, which resulted in a finding and judgment for the defendants.

The court made special findings which it fully incorporated into its judgment, as follows: "The court finds that the promissory note sued upon was executed by one A. M. Ready and delivered to one Lee Blakemore as payee on December 16, 1895, and that after its execution and delivery to said Lee Blakemore, the defendants, without any consultation or mutual agreement between each other, and at different times, signed the note upon the back thereof before the eighth day of January, 1896; that thereafter said note was indorsed by Lee Blakemore and Annie R. Blakemore, and on the eighth day of January, 1896, it was sold to plaintiff Uri J. Hill for five hundred dollars.

The court further finds that neither Combs nor White had any verbal agreement or understanding, one with the other or with said Lee Blakemore, that they should be jointly liable or that one should be liable to the other for the whole or any part of what the other should pay or be compelled to pay on said note.

"Under these facts, the court finds that the defendants in this suit are both guarantors, but not joint guarantors and that they can not be sued jointly in this action." ·

It has been determined in a long line of cases in this State that when conclusions of fact are incorporated into the judgment itself, the appellate courts will review the conclusions of law upon the facts found whether exceptions have been taken thereto and preserved by the bill of exceptions or not. And that such findings stand as a special verdict or an agreed case. Blount v. Spratt, 113 Mo. loc. cit. 54, 55, and cases there cited.

From these facts, namely: (1) That the defendants had signed said note on the back thereof, both before the maturity, sale and delivery thereof to plaintiff, at different times, without any consultation or mutual agreement between each other, and (2) that neither of them had any verbal agreement or understanding, the one with the other or with the said payee that they should be jointly liable or that they should be liable to each other for the whole or any part of what the other should pay or be compelled to pay on said note; (3) that the maker of said note was at the commencement of this suit and still is solvent, the court reached the conclusion that the defendants were both guarantors but not joint guarantors, and that therefore they were not jointly liable. Whether or not that conclusion was correct is the vital question to which we are required to respond.

The American authorities seem with great uniformity to hold that when an indorsement is made upon a negotiable promissory note in blank, and as a subsequent and distinct

transaction not in any way connected with the formation of the note, then the indorser is to be treated as a guarantor. Story Prom. Notes, secs. 474, 475. And in this State this is certainly the settled rule of law. Stagg v. Linnenfelser, 59 Mo. 336; Burnham v. Gosnell, 47 Mo. App. 637; Adams v. Huggins, 73 Mo. App. 140; Adams v. Huggins, 78 Mo. App. 219.

The guaranty found by the court was an absolute undertaking by the defendants that the note should be paid by the maker at maturity. There were no special terms employed qualifying or rendering the obligation in any way conditional. The fact as found by the court, that the maker was at all times solvent, afforded no grounds for the discharge of the defendants from their liability on their guaranty. As the maker of the note made default, the plaintiff had the right to proceed directly against the defendants as guarantors. Osborne v. Lawson, 26 Mo. App. 554, and cases cited; Perry v. Barret, 18 Mo. 145; Singer Mfg. Co. v. Hester, 71 Mo. 91; Wright v. Dyer, 48 Mo. 525; Airey v. Pearson, 37 Mo. 425; Leonard v. Bank, — —— 56; Bagley v. Cohen, 121 Cal. 604.

III. The court further concluded that inasmuch as the defendants wrote their names on said underdue note, before the sale thereof to the plaintiff, without any agreement that they should be jointly liable, that they were not for that reason jointly liable to plaintiff. Under the common law, where two or more persons undertake the performance of an obligation, the presumption is that the undertaking was joint. Words of express joinder are not necessary for this purpose. Words of severance are required to produce a several responsibility, and in the absence of such words the undertaking is joint and not several. Bliss on Code Plead., sec. 92; 1 Parsons on Contr. (6 Ed.), p. 11; Pomeroy on Rem. and Reml. Rights, p. 329. In the present case, according to the finding of the court, there was no "agreement or understanding" to the effect that the defendants should be severally liable on their obligation of guaranty which could operate to overthrow or repel the presump-

tion of the law that such obligation was joint. The trial court's conclusion of law was therefore erroneous in this regard.

Under the common law and the existing codes of most of the States, the guarantor can not be joined with the maker, indorser or security in an action on a promissory note, and this because the contract of the latter, although identical with the former, are *not identical in their nature in respect to the liability created.* That the contract of the former is independent and distinct from the latter, is well settled in this jurisdiction. Graham v. Ringo, 67 Mo. 324; Bank v. Shine, 48 Mo. 464; Burnham v. Gosnell, 47 Mo. App. 639.

In the first of the last above-cited cases it was held that the maker and the guarantor of a promissory note were not jointly liable and could not be sued jointly. In the later case of Maddox v. Duncan, 143 Mo. 613, it is said: "It is perfectly clear that he (Duncan) was not a surety, so that whether he be indorser or guarantor he could not in the absence of a statutory enactment be joined in the same action with the maker. Ross v. Jones, 22 Wall. 576; Graham v. Ringo, 67 Mo. 324. But by section 1995, Revised Statutes 1889, it is provided that every person who shall have a cause of action against several persons including parties to bills of exchange and promissory notes and who shall be entitled by law to one satisfaction therefor, may bring a suit thereon jointly against all or as many persons liable as he may think proper so that plaintiff, had he desired to do so, might have maintained an action against Duncan and the maker of the note jointly." We take it from the language employed in the above excerpt that the court meant to decide and did decide that the maker and guarantor of a promissory note may be sued thereon jointly. But it may be that we are in error in supposing the case has gone to this extent, but whether this is the one way or the other is perhaps unimportant in the present case.

The defendants under the findings of fact by the court,

are, as we have already shown, jointly liable on their contract of guaranty at common law.   In an action like this, where the transferee of a note sues the guarantors thereon jointly on their obligation of guaranty without joining the maker, payee or surety with them, it is difficult to understand how they can claim exemption from a joint liability or a joint action against them, either under the common law or the statute.   While it may be that on their independent contract they can not be subjected to a joint action with the maker, indorser or surety on the note, yet it seems to us as they each undertook to do exactly the same thing, namely: to pay the note at maturity if the maker did not do so; that on the default of the maker, then a joint action could be maintained against them under the statute, for it provided that every person having a cause of action against several persons, who shall be entitled by law to one satisfaction, may bring a suit jointly against all of them, etc.

The defendants have referred to Miller v. Gaston, 2 Hill (N. Y.), 188, as a case holding a contrary view to that just expressed, but an examination of it will show that it does not decide what defendants seem to suppose.   It was a joint action on a promissory note against Aaron Hovey, the maker, Lindley P. Hovey, the payee, and defendant.   On the back of the note were these indorsements:   "I guarantee the payment of the note within."   (Signed)   "Lindley P. Hovey;" also, "For value received I guarantee the payment and collection of the within note to Adam Miller or bearer."   (Signed)   "Nathan B. Gaston."   In the course of the opinion the court say no payee is mentioned in the undertaking of Lindley P. Hovey, and before the plaintiff can recover against him he (plaintiff) must show that said Hovey contracted with him.   It seems probable that said Hovey passed the note to Gaston, and as the undertaking of said Hovey was not negotiable there was no legal privity of contract between him and the plaintiff, and he could only be sued in the name of the person with whom the

contract was made. Said Hovey was a guarantor and not an indorser. Gaston is answerable to plaintiff either as guarantor of the note of the maker, Aaron Hovey, or as the maker of a new note, but not as indorser. It is thus made apparent why the court decided as it did: "Gaston, whether treated as maker or guarantor, may be sued alone, but the statute relating to suits upon promissory notes and bills of exchange did not authorize the joining of him with Aaron or Lindley P. Hovey or either of them."

The contracts of guaranty just quoted were special and in writing and besides show upon their face that they were each made at different times and were several and distinct contracts and are, therefore, wholly unlike the guaranty in the case before us. If Gaston and Lindley P. Hovey were not jointly liable on one contract of guaranty to Miller, the plaintiff, but were severally liable on different contracts to different parties, it is very manifest that they could not be, under the common law or our statute, joined in an action upon either contract. As said, Hovey was liable on his separate guaranty but not to the plaintiff between whom there was no privity of contract, he could not, under the New York statute of 1832 (to which we have not access), even if similar in its provisions to our section 549, Revised Statutes 1899, have been properly joined in an action with Gaston. Nor could said Gaston as guarantor have been joined with Aaron Hovey the maker of the note or with him and the other separate guarantor, Lindley P. Hovey, for the reason that they were not all parties to the promissory note sued on nor were they all joint guarantors. And while the case decides that Gaston in action on the note could not be joined with the two Hoveys or either of them, yet this decision furnishes no authority for the contention that the defendants are not jointly liable in an action against them on the contract of guaranty in this case. We are not quite able to see in a case where the particular facts and circumstances are shown to be the same as those in Miller v. Gaston, how under our

statute a conclusion could be reached differing from that in that case. In no view of the case which we have been able to take can we conclude that there was any misjoinder of parties.

IV. It further appears from the record before us that the plaintiff had brought another action against the defendants on said note as makers, joining them with the payee and indorser thereof. It further appears that judgment was given in that case in favor of the defendants herein on the ground that they were not makers but guarantors, and therefore not liable on that action. The court in its special findings concluded that the said judgment in favor of the defendants was a bar to this action.

As is made to sufficiently appear elsewhere herein the contract of guaranty is a distinct and independent contract from that of the maker, surety and indorser of the note. The plaintiff, it seems, misconceived his rights. He imagined that he had the right to sue the defendants herein as makers of the note. The court in which the action was brought held that the relation they sustained to the note was that of guarantors and so gave judgment in their favor.

It has been held that when a party imagines he has two or more remedies, or who misconstrues his rights, is not to be deprived of all remedy because he tries the wrong one. State ex rel. v. Convent, 116 Mo. loc. cit. 575; Bunch v. Grave, 12 N. E. 517. And so it has been ruled "that the mere fact that a party mistakes his remedy, believing he has two or more remedies when he has not, and pursues the wrong one, will not of itself prevent him from subsequently obtaining redress by the proper remedy." Elliotts Gen'l Prac., sec. 276.

In Snow v. Alley 156 Mass. 193, it is said election of remedies exists when a party has two alternative and inconsistent rights and it is determined by a manifestation of choice. Metcalf v. Williams, 144 Mass. 452. But the fact that a party wrongly supposed that he has two such rights and attempts to

choose one to which he is not entitled, it is not enough to prevent his exercising the other if he is entitled to that.    There would be no sense or principle in such a rule.    Johnson v. Railroad, 126 Mo. loc. cit. 352.

The plaintiff erroneously supposed that he had a right to sue defendants on said note as joint makers with others.    The court held that the defendants were guarantors and not makers, and therefore the plaintiff could not recover against them on that action.    The action against the defendants was not on their contract as guarantors.    The plaintiff did not in that action seek to enforce any liability of that kind.    By that action he attempted to recover only on the ground that they were makers.    The cause of action alleged against them as makers was not sustained.    The other cause of action on their contract of guaranty was not touched or litigated in that action. How then can the judgment in that case bar the action in this case which is on the contract of guaranty?

Unless the cause of action be the same in two different suits, the judgment in the first will not bar an investigation of the merits in the second.    Such judgment excluded the rights of the parties in respect to the cause of action stated in the pleadings on which it was rendered.    Railroad v. Traube, 59 Mo. 355.    None of the cases cited by the defendants decide anything contrary to this.    Our conclusion, therefore, is that the trial court erred in concluding that the judgment which was rendered in the action by the plaintiff against the defendants as makers of said note was a bar to this action against them on their contract of guaranty.

It therefore follows that the judgment must be reversed and cause remanded with directions to the circuit court to give a proper judgment against the defendants in accordance with the views hereinbefore indicated.

*Broaddus, J.,* concurs; *Ellison, J.,* not sitting.