## THE STATE v. CASSIUS W. BROWN, Appellant.

Division Two, July 13, 1907.

1. NEW TRIAL: Motion Filed After Adjournment. A motion for new trial, filed after the adjournment of the term at which

the verdict was returned, is of no force or effect, and the trial court has no authority to pass upon such motion.

2. ————: In Civil and Criminal Cases: Statutes Construed Together. There is no good reason why the statutory provisions governing the time for filing motions for new trial and in arrest should not be the same in criminal as in civil cases; and section 2689, Revised Statutes 1899, providing that the motion for new trial, in a criminal case, shall be filed "within four days after the return of the verdict," and section 803, Revised Statutes 1899, providing that "all motions for new trials . . . shall be made within four days after the trial, if the term shall so long continue, and if not, then before the end of the term," should be construed together; and when this is done, a defendant in a criminal case will have four days after verdict within which to file his motion for new trial, if the term shall so long continue; if not, then before the end of the term.

3. ————: Filing of Motion: More Than Four Days After Verdict: Adjournment: Murder. The jury returned a verdict finding defendant guilty of murder in the first degree, between nine and ten o'clock, Wednesday night, November 1, at a special adjourned term of court. On the morning of November 2, the court, being erroneously informed that defendant did not wish to file a motion for new trial, adjourned court until November 6, being the next regular term of the court; and on November 8, being the third day of said regular term, defendant filed his motion for a new trial. Held, that the motion for new trial, not having been filed in term time, cannot be reviewed on appeal; but, in view of the enormity of the crime of which defendant was found guilty, and the fearful consequences which must follow if his conviction is permitted to stand, the judgment will be reversed and the cause remanded.

Appeal from Buchanan Criminal Court.—*Hon. A. D. Burnes*, Special Judge.

REVERSED AND REMANDED.

*Muir & Griswold* for appellant.

Section 2689, Revised Statutes 1899, which refers to criminal cases, specifically says that a motion for a new trial must be filed before judgment and within four days after the return of the verdict or the finding of the court. It goes on to say that the motion shall be heard and determined in the same manner as mo-

tions for new trials in civil cases, but in no place does it say, directly or by inference, that the four days must be within term time or within that term of court. In contradistinction, section 803 specifically says that the motion for new trial must be filed within four days after the trial, if the term shall so long continue, and if not, then before the end of the term, clearly showing that it was the intention of the legislators to make a difference between the civil and criminal practice, in that, in civil cases, the motion for a new trial must be filed before the end of the term, whereas in criminal cases the defendant is given four days, after the rendition of verdict, without regard to the term of court, and in so doing the legislators doubtless had in mind the grave responsibility of taking a human life upon so flimsy a technicality as that urged by respondent. We grant that a motion for a new trial must be filed within four days from the rendition of the verdict, and that in civil cases motion must be filed before the adjournment of that term of court, but we are unable to find any statute or any decision of this court wherein it is said, directly or by implication, that in a criminal case the defendant is not allowed four full days after the verdict is rendered in which to file his motion for new trial.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

There is nothing before this court except the record proper, and, no error appearing in that, the judgment should be affirmed. State v. Nicholas, 193 Mo. 214; State v. Sparks, 191 Mo. 162. The record shows that the jury returned a verdict of guilty on November 1, 1905, the same being the 37th day of the special adjourned June term, 1905, of the Buchanan Criminal Court. On the 8th day of November, 1905, counsel for defendant filed his motion for a new trial, which was more than four days after verdict, and therefore too

late. R. S. 1899, secs. 803 and 2689; State v. Brooks, 92 Mo. 591. Then, too, this motion was not filed till after the adjournment of that term of court, which was too late. R. S. 1899, secs. 803 and 2689; Maloney v. Railroad, 122 Mo. 106.

BURGESS, J.—On the 1st day of November, 1905, in the criminal court of Buchanan county, the defendant was convicted of murder in the first degree, and his punishment fixed at death, under an information filed in said court by the prosecuting attorney of said county, charging the defendant with having, at said county, on the 23d day of November, 1904, feloniously, wilfully, deliberately, premeditatedly and of his malice aforethought killed and murdered Nancy Ann Gay by cutting her throat with a razor.

After filing motions for a new trial and in arrest of judgment, which were overruled, defendant appealed.

It is asserted by the State that there is nothing before this court except the record proper, and, no error appearing in that, the judgment should be affirmed.

The record discloses that the jury returned a verdict of guilty on November 1, 1905, the same being the 37th day of the special adjourned term, 1905, of the Buchanan Criminal Court. On the 2d day of November, 1905, said special adjourned term of court was adjourned until November 6, 1905, being the next regular term of said court. On the 8th day of November, 1905, being the 3rd day of said regular term, counsel for defendant filed his motion for a new trial, which was more than four days after verdict, and the State insists that it was then out of time, or too late.

It seems that Hon. A. D. Burnes of the 5th judicial circuit was called in by Hon. B. J. Casteel, judge of the Buchanan County Criminal Court, to try, and that he did try, the case. The jury returned a verdict

between nine and ten o'clock, Wednesday night, November 1st. Next morning Judge Casteel took the bench and being erroneously informed that counsel for defendant did not wish to file motion for new trial, he adjourned the court for the term.

Defendant contends that under the law he was entitled to four work days after verdict in which to file his motion for a new trial, and that he could not be deprived of that right by the adjournment of the court before the expiration of such time limit. There can be no question of Judge Casteel's authority to adjourn the court when he did, but the effect of the order of adjournment was to deprive the defendant of the opportunity and right to file his motion for new trial and to have it passed upon by Judge Burnes.

Prior to the revision of 1879, motions for new trial and in arrest, in both civil and criminal cases, were governed by one section of the statute, i. e., section 6, chapter 172, General Statutes 1865 (sec. 803, R. S. 1899), which reads as follows: "All motions for new trials, and in arrest of judgment, shall be made within four days after the trial, if the term shall so long continue; and if not, then before the end of the term."

By section 18, chapter 213, General Statutes 1865, it is provided that, "Verdicts may be set aside, and new trials awarded, on the application of the defendant . . . for like causes and under the like circumstances as in civil cases." So that, as stated, motions for new trial, and in arrest, in both criminal and civil cases, were governed by the same section of the statutes (State v. Marshall, 36 Mo. 400) and, so far as civil cases are concerned, the statute (sec. 803, supra), has remained unchanged.

But in the Revised Statutes of 1879 there were incorporated two new sections in regard to motions for new trial, and in arrest, in criminal cases, to-wit, sections 1967 and 1970, corresponding to sections 2689,

and 2692, Revised Statutes 1899. They are as follows:

"Sec. 2689. The motion for a new trial shall be in writing, and must set forth the grounds or causes therefor, and be filed before judgment, and within four days after the return of the verdict or finding of the court, and shall be heard and determined in the same manner as motions for new trials in civil cases."

"Sec. 2692. The motion in arrest shall be in writing and specify the causes therefor, and be filed within four days after the motion for a new trial shall have been determined."

It will be noted that the sections governing motions for new trial and in arrest in criminal cases differ from that governing such motions in civil cases, in that the motion for new trial in criminal cases is required to be filed "before judgment, and within four days after the return of the verdict or finding of the court," and the motion in arrest, within four days after the motion for a new trial shall have been overruled, while in civil cases the motions for new trial and in arrest are both required to be filed within four days after the trial, *if the term shall so long continue; and if not, then before the end of the term.*

It would seem that, according to the strict letter of sections 2689 and 2692, the defendant had four days after verdict in which to file motion for new trial, and four days after that was disposed of in which to file motion in arrest, regardless of whether the term of the court during which trial was had and verdict rendered should so long continue or not. Such motions, however, could not be filed out of term time, because they are matters of record proper. [Bollinger v. Carrier, 79 Mo. 318; St. Louis v. Boyce, 130 Mo. 572; Jackson v. Ferguson, 76 Mo. App. 270; Turney v. Ewins, 97 Mo. App. 620; Crossland v. Admire, 149 Mo. 650; Hill v. Combs, 92 Mo. App. 242.] And the clerk could

only make the record entry while the court was in session, and any entry to that effect by the clerk, either of his own volition or in pursuance of the order of Judge Burnes, after the adjournment of the court for the term, was without authority and of no force or effect; hence, the trial court was without authority to pass upon the motion for new trial in this case.

The parts of section 2689 and 2692, supra, which seem to authorize the filing of motions for new trial and in arrest in vacation of court, are, for the reasons already stated, incapable of enforcement and, therefore, void. But if these sections be construed, as they should be, with section 803, supra, which provides that motions for new trial and in arrest shall be filed within four days after trial, if the term shall so long continue, if not, then before the end of the term, then they are readily understood, and are operative, otherwise not.

"The presumption is that the Legislature never intended to enact an absurd law incapable of being intelligibly enforced." [Bingham v. Birmingham, 103 Mo. l. c. 352; Railroad v. Brick Co., 85 Mo. 307; State v. Bulling, 100 Mo. 87; Ex parte Marmaduke, 91 Mo. 228.] "In such cases the reason of the law prevails over its letter, and general terms are so limited in their application as not to lead to injustice, oppression, or an absurd consequence, the presumption being that the Legislature intended no such anomalous results." [Ex parte Marmaduke, supra.] There is no good reason why the statutory provisions governing the time of the filing of motions for new trial and in arrest should not be the same in criminal as in civil cases.

It is true that the trial judge heard and considered the motion for new trial just as if it had been duly filed, and then overruled it, which he had no power to do, the motion not having been filed in term time.

Nevertheless, the defendant had the right to have the ruling of the trial court reviewed on this appeal, which, for the reasons indicated, cannot be done. Defendant cannot be deprived of his right to the solemn opinion of this court, after a full and careful consideration of all that may be said against the justness of the verdict, and it would be a reflection on the criminal jurisprudence of this country to affirm this judgment without first considering the defendant's motion, no laches being shown upon his or his counsel's part.

Therefore, in view of the enormity of the crime of which the defendant was found guilty, and the fearful consequence which must follow his conviction if suffered to stand, regardless of the evidence or of the facts (upon which we form or express no opinion), and in order that the defendant may not suffer any possible injustice, but be permitted to avail himself of every right which the law allows him, we reverse the judgment and remand the cause for further trial.

All concur.